DT_PEAD
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CRIMINAL DOCKET FOR CASE #: <u>2:25–mj–00424–DBP</u> All Defendants

1:25cr257

Case title: USA v. Jensen

Date Filed: 04/23/2025

---

Assigned to: Magistrate Judge Dustin B. Pead

**<u>Defendant (1)</u>**

**James L. Jensen**

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Opening)</u>**

None

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18:1956–3300.F – Money Laundering Conspiracy | |

---

Assigned to: Magistrate Judge Dustin B. Pead

**<u>Defendant (2)</u>**

**Kelly Anne Jensen**

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Opening)</u>**

None

**Terminated Counts**                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                           **Disposition**

18:1956–3300.F – Money Laundering
Conspiracy

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2025 | 1 | Arrest (Rule 5) of James L. Jensen, Kelly Anne Jensen Warrant out of the USDC Texas. Assigned to Magistrate Judge Dustin B. Pead. (Attachments: # 1 James Jensen Warrant, # 2 Kelly Jensen Warrant)(lam) (Entered: 04/23/2025) |
| 04/24/2025 | 2 | MOTION for Detention by USA as to James L. Jensen. (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 3 | MOTION for Detention by USA as to Kelly Anne Jensen. (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 4 | **RESTRICTED – Level 2** PRETRIAL SERVICES REPORT as to Kelly Anne Jensen (bos) (Entered: 04/24/2025) |
| 04/24/2025 | 6 | **RESTRICTED – Level 2** PRETRIAL SERVICES REPORT as to James L. Jensen (bos) (Entered: 04/24/2025) |
| 04/24/2025 | 8 | Oral MOTION to Unseal Case by USA as to James L. Jensen and Kelly Anne Jensen. (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 9 | DOCKET TEXT ORDER granting 8 Oral Motion to Unseal Case as to James L. Jensen (1) and Kelly Anne Jensen (2). Signed by Magistrate Judge Dustin B. Pead on 04/24/205. No attached document. (tls) (Entered: 04/24/2025) |
| 04/24/2025 | | Case unsealed as to James L. Jensen and Kelly Anne Jensen. (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 10 | NOTICE of Unsealing Criminal Case as to James L. Jensen, Kelly Anne Jensen (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 11 | Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead: Initial Appearance in Rule 5/5.1 Proceedings as to James L. Jensen and Kelly Anne Jensen held on 4/24/2025. Rights and penalties are explained. Defendants each waive identity hearings. Waivers are executed and filed with the Court. Government does not seek detention as to Kelly Anne Jensen. The Court imposes conditions and orders release of Kelly Anne Jensen. Government moves for detention as to James Jensen. Arguments |

| | | |
|---|---|---|
| | | are heard. For the reasons stated on the record, the Court imposes conditions and orders defendants release. SEE ORDER SETTING CONDITIONS OF RELEASE. Upon release, defendants shall report to the Southern District of Texas, Brownville Division, by no later than noon on May 8, 2025. Attorney for Plaintiff: Michael Hess (Southern District of Texas), Attorney for Defendant: John Huber and Garrett Messerly, Retained. Interpreter: Not Needed. Probation Officer: Eli Ernst and Dominic Jackson. Recording: Electronic. (Time Start: 2:30:23, Time End: 2:59:35, Room 8.400). (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 12 | WAIVER of Rule 5(c)(3) Hearing by James L. Jensen (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 13 | WAIVER of Rule 5(c)(3) Hearing by Kelly Anne Jensen (tls) (Entered: 04/24/2025) |
| 04/24/2025 | 14 | ORDER Setting Conditions of Release as to James L. Jensen. NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Signed by Magistrate Judge Dustin B. Pead on 04/24/2025.(tls) (Entered: 04/24/2025) |
| 04/24/2025 | 15 | ORDER Setting Conditions of Release as to Kelly Anne Jensen. NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Signed by Magistrate Judge Dustin B. Pead on 04/24/2025.(tls) (Entered: 04/24/2025) |

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
F I L E D

**APR 17 2025**

Nathan Ochsner
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CRIMINAL NO.  **B-25-257** |
| JAMES LAEL JENSEN | § | |
| MAXWELL STERLING JENSEN | § | |
| a/k/a "Max" | § | |
| KELLY ANNE JENSEN | § | |
| ZACHARY GOLDEN JENSEN | § | |

## SEALED INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### 18 U.S.C. § 1956(a)(1)(B)(i) and (h)
### (Money Laundering Conspiracy)

Beginning in or about May 10, 2022, and continuing up to and including the date

of this Indictment in the Southern District of Texas and elsewhere and within the

jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN,**
**MAXWELL STERLING JENSEN a/k/a "Max",**
**KELLY ANNE JENSEN, and**
**ZACHARY GOLDEN JENSEN,**

did knowingly and intentionally conspire and agree with other persons known and

unknown to the Grand Jury, to conduct and attempt to conduct financial transactions

affecting interstate and foreign commerce, then well knowing that the financial

transactions involved the proceeds of some form of unlawful activity, to wit: smuggling

goods into the United States, knowing that the transactions were designed in whole or in

part to conceal and disguise the nature, location, source, ownership, and control of the

proceeds.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

## COUNT TWO
### 18 U.S.C. §§ 545 and 2
### (Aid and Abet Smuggling Goods into the United States)

Beginning in or about May 10, 2022, and continuing up to and including the date of this Indictment in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

did fraudulently and knowingly receive, conceal, buy, sell and facilitate the transportation, concealment, and sale of merchandise imported contrary to law, that is Title 19 U.S.C. §§ 1202-1683g ("the Tariff Act") then knowing that said merchandise had been imported and brought into the United States contrary to law.

In violation of Title 18, United States Code, Sections 545 and 2.

## COUNT THREE
### 18 U.S.C. §§ 542 and 2
### (Aid and Abet Entry of Goods by means of False Statements)

Beginning in or about May 10, 2022, and continuing up to and including the date of this Indictment in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

did willfully and knowingly enter and introduce, and attempt to enter and introduce, into the commerce of the United States, imported merchandise, that is approximately two thousand eight hundred eighty-one (2,881) shipments of crude oil by means of a false and fraudulent invoice, declaration, affidavit, letter, paper, or by means of any false or fraudulent practice which falsely and fraudulently stated that the imported merchandise was "waste of lube oils" and "petroleum distillates", whereas, in truth and fact, as defendants, well knew, the said imported merchandise contained crude oil.

In violation of Title 18, United States Code, Sections 542 and 2.

## COUNT FOUR
### 18 U.S.C. §§ 1956(h) and 1957
### (Money Laundering Spending Conspiracy)

On or about September 22, 2023, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

### KELLY ANNE JENSEN,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of monetary instruments, to wit: a cashier's check made payable to Low Book Sales, such property having been derived from a specified unlawful activity, that is, smuggling goods into the United States..

In violation of Title 18, United States Code, Sections 1956(h) and 1957.

## COUNT FIVE
### 18 U.S.C. § 1957
### (Money Laundering Spending)

On or about May 17, 2024, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

### JAMES LAEL JENSEN,

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of monetary instruments, to wit: an Arroyo Terminals, LLC check made payable to South Texas Buick – GMC, such property having been derived from a specified unlawful activity, that is, smuggling goods into the United States.

In violation of Title 18, United States Code, Section 1957.

3

## NOTICE OF CRIMINAL FORFEITURE
### [18 U.S.C. § 982(a)(1)]

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of violations of Title 18, United States Code, Sections 1956 and 1957, as alleged in Count One and Counts Four through Five of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN,**
**MAXWELL STERLING JENSEN a/k/a "Max",**
**KELLY ANNE JENSEN, and**
**ZACHARY GOLDEN JENSEN,**

that the defendants shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## NOTICE OF CRIMINAL FORFEITURE
### [18 U.S.C. § 982(a)(2)(B); 19 U.S.C. § 1595a; 28 U.S.C. § 2641(c)]

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), Title 19 United States Code Section 1595a, and 28 U.S.C. § 2641(c), as a result of the commission of violations of Title 18, United States Code, Sections 542 and 545, as alleged in Counts Two and Three of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States: (1) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of Sections 542 and 545; (2) merchandise introduced into the United States in violation of Section 545, or the value thereof; (3) all vessels, vehicles, or other thing used in, to aid in, or to facilitate the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been

introduced, or attempted to be introduced, into the United States contrary to law; and (4) any merchandise introduced, or attempted to be introduced, into the United States contrary to law.

## MONEY JUDGMENT

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable. That amount is estimated to be, but is not limited to, approximately $300,000,000.00 in United States currency.

## PROPERTY SUBJECT TO FORFEITURE

The property subject to forfeiture includes, but is not limited to, the following property:

1) All funds on deposit in Wells Fargo account xxxx7403 in the name of Arroyo Terminals, LLC;

2) All funds on deposit in Bank of America account xxxx2771 in the name of Big Hog Energy, LLC;

3) Tank Barge with vessel name of "AT 3001" and hull number 1083431;

4) Tank Barge with vessel name of "AT 2001" and hull number 1029676;

5) Tank Barge with vessel name of "AT 1001" and hull number 1094955;

6) Tank Barge with vessel name of "AT 4001";

7) 2015 Peterbilt 389 Tractor Truck, VIN# 1XPXD49XXFD260576, registered to Jentran, LLC;

8) 2020 Peterbilt 389 Tractor Truck, VIN# 2XPXD49X7LM706706, registered to Jentran, LLC;

9) 2020 Peterbilt 567 Tractor Truck, VIN# 1XPCD49X0LD649219, registered to Jentran, LLC;

10) 2023 Chevrolet Corvette Stingray, VIN# 1G1YB3D43P5118657, registered

to Kelly Jensen;

11) 2024 GMC Sierra pickup truck, VIN# 1GT19XEY0RF374118, registered to Arroyo Terminals, LLC;

12) 2023 Mercedes-Benz Sprinter, VIN# W1Z40FHY4PT141068, registered to Kelly Jensen;

13) Real property and improvements located at 21076 North Reynolds Road, Rio Hondo, Cameron County, Texas with a legal description of:

Being a 12.69 acres tract of land consisting of the following vacated land per the Cameron County Commissioners Court Order #2007012047 and being all of "Park B", Lot 95, Lot 138, 2.64 acres of Lot 137, 0.36 acres of Lot 137 and 0.32 acres of Lot 136 of the "Rio Hondo Park Townsite and Small Acreage Residence Garden and Orchard Lots" as shown in Volume 2, Page I, of the Map Records of Cameron County, Texas. Said 12.69 acres tract being more particularly described and located as follows: Beginning at a nail set in the centerline of Reynolds Road [40 foot wide platted road] [an apparent 80 foot wide right-of-way] for the southeast corner of said lot 95, thence, South 88°55'00" West, at a distance of 40.00 feet to an iron rod set at the apparent west right-of-way, a total distance of 766.60 feet to an iron rod set in the centerline of a 40 foot wide platted road right-of-way (no apparent roadway improvements] for the southwest corner of said lot 95; Thence, South 1°05'00" East along the east line of said Lot 137, a distance of 147.74 feet to an iron pin set for a corner. Thence, South 88.55'25"00 West, a distance of 581.02 feet to an iron rod set near the high bank of the Arroyo Colorado for a corner; Thence, South 54°50'25" East, a distance of 64.95 feet to an iron pin set for a corner; Thence, South 1°07'25" West, 11 distance of 184.43 feet to a corner; Thence, South 9°02'58" East, a distance of 98.74 feet for a corner; Thence, South 26°30'29" East, a distance of 45.94 feet to an iron pin set in the South line of said Lot 136 for a corner; Thence, South 88°5S'00" West to a point in the west line of said Lot 136, a distance of 41.46 feet for a corner; Thence, along the west line of Lots 136, 137, 138 and Park "B" the following courses; North 9°49'00" West, a distance of 28.43 feet for a corner; Thence, North 26°21'23" West [recorded North 26°22 West, 221.78], a distance of 222.I0 feet for a corner; Thence, North 10°39'00" West, a distance of 182.20 feet for a corner; Thence, North 1°00'00" West, at a distance of 101.1 feet an iron rod set for the northwest corner of said Lot 137, at an additional 234.1 feet an iron rod set for the northwest corner of said Lot 138, a total distance of 435.20 feet to a concrete monument found for the northwest corner or Park "B"; Thence, North 88°55.'00" East, a distance of 300.00 feet to an iron pin set for the northeast corner of said Park "B"; Thence, South I'00'00"

East, a distance of 50.00 feet to an iron pin set in the centerline of a 40- foot road easement and a corner of Lot 138; Thence, North 88°55'00" East, a distance of 1,099.25 feet to an iron rod set in the apparent west right-of-way of Reynolds Road, a total distance of 1139.25 feet to a nail set in the centerline or Reynolds Road for the northeast corner of said Lot 95; Thence, South 1 05'00" East, a distance of 284.10 feet to the Point of Beginning; Said described tract containing 12.69 69 acres [552,827 square feet], more or less.

14) Real property and improvements located at 13357 S. Lake Forrest Dr., Draper, Salt Lake County, Utah with a legal description of:

All of Lot 614, contained within Bellevue Phase 6A, a Planned Community, as the same is identified in the Plat Map recorded in Salt Lake County, Utah, as Entry No. 10948958, in Book 201 OP, at Page 81, of the official records of the county recorder of Salt Lake County, Utah (as said Record of Survey Map may have heretofore been amended or supplemented) and in the Declaration of Covenants, Conditions and Restrictions of Bellevue, a Planned Community, recorded in Salt Lake County, Utah, as Entry No. 9140466, in Book 9023, at Page 4303, of the official records of the county recorder of Salt Lake County, Utah (as said Declaration may have heretofore been amended or supplemented), together with an undivided percentage of ownership interest in the Association.

## SUBSTITUTE ASSETS

Defendants are notified that, in the event that the property that is subject to forfeiture, as a result of any act or omission of any defendant:

(1)    cannot be located upon exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p),

incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:



FOREPERSON OF THE GRAND JURY

NICHOLAS GANJEI
UNITED STATES ATTORNEY

LANCE WATT
ASSISTANT UNITED STATES ATTORNEY

LAURA GARCIA
ASSISTANT UNITED STATES ATTORNEY

8

11

AO 442 (Rev. 01/09) Arrest Warrant

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

F/D # 11168722

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

COPY

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | |
| | ) | Case No. | **B-25-CR-257-01** |
| **JAMES LAEL JENSEN** | ) | | |
| *Defendant* | ) | | |

MN
RECD USMS BROWNSVILLE
APR 17 2025 PM3:33

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     **JAMES LAEL JENSEN**                                                    ,

who is accused of an offense or violation based on the following document filed with the court:

✔ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint

☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

SEALED INDICTMENT

Date:     Apr 17, 2025

_____
*Issuing officer's signature*

City and state:     Brownsville, Texas

Maricela Perez, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                              _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

12

AO 442 (Rev. 01/09) Arrest Warrant

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

*FD# 11786199*

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

COPY

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. **B-25-CR-257-03** |
| **KELLY ANN JENSEN** | ) |
| *Defendant* | ) |

## ARREST WARRANT

RECD USMS BROWNSVILLE
APR 17 2025 PM3:
MN

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*          **KELLY ANN JENSEN**          ,

who is accused of an offense or violation based on the following document filed with the court:

✔ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

SEALED INDICTMENT

RECD USMS BROWNSVILLE
APR 17 2025 PM3:33
MN

Date:     Apr 17, 2025

*Issuing officer's signature*

City and state:     Brownsville, Texas

Maricela Perez, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____    *Arresting officer's signature* |
| *Printed name and title* |

NICHOLAS J. GANJEI, United States Attorney for the Southern District of Texas
Michael Hess, Assistant United States Attorney
Federal I.D. No. 883459
Texas State Bar No. 00798256
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
(361) 888-3111

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LAEL JENSEN,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 2:25-mj-424 DBP |

☐ The United States is not seeking detention.

   ☐ However, based on the defendant's record and history, release on personal recognizance pursuant to 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and will endanger the safety of the community. Therefore, the United States requests a hearing on pretrial release conditions pursuant to 18 U.S.C. § 3142(c).

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

            **OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

    ☒ **(A)** a serious risk the defendant will flee; **or**

**James Jensen has strong ties to Mexico:**

    1) **James Jensen is in business relationships with individuals he knows work with Mexican criminal organizations.**

    2) **Any businesses that provide oil outside of Mexican government regulation are only able to get crude oil through Mexican criminal organizations.**

    3) **The businesses that are run by James and Kelly Jensen have suppliers located in Mexico.**

    4) **Over $47,000,000 went from Jensen businesses to Mexican businesses.**

    5) **Dozens of people that the businesses run by James and Kelly Jensen have relationships with individuals that reside in Mexico.**

**James and Kelly Jensen have the means to support themselves**

**through funds in other bank accounts (United States and foreign)
that are not subject to seizure warrant.**

**James and Kelly Jensen have a residence in the Bahamas and travel
there on average every other month – they were there week of April
14.**

**James and Kelly Jensen would not allow USMS into the residence at
the time of warrant execution on April 23, 2025.**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or
threaten, injure, intimidate, attempt to threaten, injure or intimidate a
prospective witness or juror.

## <u>Procedure</u>

The defendant may seek a continuance of the detention hearing of up to five days,
and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f).
During any such continuance, the defendant shall be detained. *Id.* The rules concerning
the admissibility of evidence do not apply at the detention hearing. *Id.* The United States
has the burden of persuasion by clear and convincing evidence that no condition or
combination of conditions of release will reasonably the safety of any other person and
the community or by a preponderance of evidence that no condition or combination of
conditions of release will reasonably assure the defendant's appearance as required. *Id.*;
*United States v. Cisneros*, 328 F.3d 610, 616 (10ᵗʰ Cir. 2003).

## <u>Rebuttable Presumption</u>

☐ A rebuttable presumption applies and the defendant bears the burden to produce some
credible evidence to rebut this presumption. The United States acknowledges that it
retains the burden of persuasion. The statutory presumption applies:
   ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable
     presumption that no condition or combination of conditions will reasonably
     assure the safety of any other person and the community because:
        **(A)** the defendant has previously been convicted of a Federal offense that is
          described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that
          would have been such an offense if a circumstance giving rise to
          Federal jurisdiction had existed; ***and***
        **(B)** the defendant committed that offense while on release pending trial for
          a Federal, State, or local offense; ***and***
        **(C)** a period of not more than five years has elapsed since the date of

conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

    ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☐ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

**James Jensen conspired with his wife Kelly Jensen and two of his sons, Maxwell and Zachary Jensen, to launder proceeds from sales of illegally imported crude oil. The payments for this crude oil were directed to businesses in Mexico that operate only through the permission of Mexican criminal organization. James Jensen was aware that the payments he made were going to these Mexican criminal organizations.**

☐ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☐ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

    ☐ Other reasons including:

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of the victim(s) on the detention of the defendant is: N/A

    ☐ The victim(s) in this matter seek(s) a no contact order.

☐ This matter does not involve a victim requiring notification.

DATED this 24th day of April , 2025.

                           NICHOLAS J. GANJEI
                           UNITED STATES ATTORNEY

                  By:    */s/ Michael Hess*
                           MICHAEL HESS
                           Assistant United States Attorney
                           Federal I.D. No. 883459

Texas State Bar No.  00798256
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
(361) 888-3111

NICHOLAS J. GANJEI, United States Attorney for the Southern District of Texas
Michael Hess, Assistant United States Attorney
Federal I.D. No. 883459
Texas State Bar No. 00798256
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
(361) 888-3111

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KELLY ANNE JENSEN,<br><br>  Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 2:25-mj-424 DBP |

☒ The United States is not seeking detention.

☒ However, based on the defendant's record and history, release on personal recognizance pursuant to 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and will endanger the safety of the community. Therefore, the United States requests a hearing on pretrial release conditions pursuant to 18 U.S.C. § 3142(c).

**Kelly Jensen has strong ties to Mexico:**

1) **The businesses that are run by James and Kelly Jensen have suppliers located in Mexico.**
2) **Over $47,000,000 went from Jensen businesses to Mexican businesses.**
3) **Dozens of people that the businesses run by James and Kelly Jensen have relationships with individuals that reside in Mexico.**

**James and Kelly Jensen have the means to support themselves through funds in other bank accounts that are not subject to seizure**

**warrant.**

**James and Kelly Jensen have a residence in the Bahamas and travel there on average every other month – they were there week of April 14.**

**James and Kelly Jensen would not allow USMS into the residence at the time of warrant execution on April 23, 2025.**

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☐ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐  Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

    ☐  **(A)** a serious risk the defendant will flee; **or**

    ☐  **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

    ☐  Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

        **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

        **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

        **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

    ☐  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will

reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

### Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

**Kelly Jensen conspired with her husband James Jensen and two of her sons, Maxwell and Zachary Jensen, to launder proceeds from sales of illegally imported crude oil. The payments for this crude oil were directed to businesses in Mexico that operate only through the permission of Mexican criminal organization.**

☐ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☐ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation,

parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☐  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐  The defendant's significant family or other ties outside of the United States.

☐  The defendant's use of aliases or false documents.

☐  The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  The defendant's prior failures to appear for court proceedings.

☐  Other reasons including:

## **Victim Notification**

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is: N/A

☐  The victim(s) in this matter seek(s) a no contact order.

☐  This matter does not involve a victim requiring notification.

DATED this 24th day of April , 2025.

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY


By:    */s/ Michael Hess*    
MICHAEL HESS
Assistant United States Attorney
Federal I.D. No.  883459
Texas State Bar No.  00798256
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
(361) 888-3111

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Dustin B. Pead (aimee_nagles@utd.uscourts.gov,
dustin_pead@utd.uscourts.gov, matthew_willey@utd.uscourts.gov,
teri_sparrow@utd.uscourts.gov, utdecf_pead@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:6131657@utd.uscourts.gov
Subject:Activity in Case 25-424 Sealed v. Sealed (Redacted Notice)
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524–6100.**

### US District Court Electronic Case Filing System

### District of Utah

**Notice of Electronic Filing**

The following transaction was entered on 4/24/2025 at 5:18 PM MDT and filed on 4/24/2025

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 2:25–mj–00424–DBP *SEALED* |
| **Filer:** | USA |
| **Document Number:** | 8(No document attached) |

**Docket Text:**
**Oral MOTION to Unseal Case by USA as to James L. Jensen and Kelly Anne Jensen. (tls)**

**2:25–mj–00424–DBP *SEALED*–1 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP *SEALED*–1 Notice has been delivered by other means to:**

**2:25–mj–00424–DBP *SEALED*–2 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP *SEALED*–2 Notice has been delivered by other means to:**

---

*REDACTED NOTICE FOLLOWS*

---

**This is an automatic e–mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801)524–6100.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including unrepresented parties) who receive notice by email to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. Access to the one free electronic copy expires as designated by PACER. To avoid incurring charges later, download and save a copy of the**

**document during the first access. However, if the referenced document is a transcript, the free download restrictions and 30–page limit do not apply.**

***NOTICE REGARDING MAILING COPIES OF NEFS AND DOCUMENTS*** The court will mail a copy of the NEF and associated document of court−generated documents (e.g., reports and recommendations, orders, and notices of hearings) to parties who are not registered to receive electronic notice, as indicated under â€œNotice has been delivered by other means to. . . â€œ. The court will not mail NEFs and documents of party−generated filings to any party (including the filing party) even if the â€œNotice has been delivered by other means to. . . â€œ states otherwise. The filing party is responsible for serving a copy of the NEF or document on parties who do not receive electronic notice.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

**US District Court Electronic Case Filing System**

**District of Utah**

**Notice of Electronic Filing**

The following transaction was entered on 4/24/2025 at 5:18 PM MDT and filed on 4/24/2025

| | |
|---|---|
| **Case Name:** | Sealed v. Sealed |
| **Case Number:** | 25–424 (Requires CM/ECF login) |
| **Filer:** | Redacted |
| **Document Number:** | Sealed (No document attached) |

**Docket Text:**
 **The docket text for this docket entry is redacted because either the case or the docket entry is sealed. Docket text can be viewed via the unredacted NEF receipt available here.** (Requires CM/ECF login)

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Dustin B. Pead (aimee_nagles@utd.uscourts.gov,
dustin_pead@utd.uscourts.gov, matthew_willey@utd.uscourts.gov,
teri_sparrow@utd.uscourts.gov, utdecf_pead@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:6131668@utd.uscourts.gov
Subject:Activity in Case 25-424 Sealed v. Sealed (Redacted Notice)
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524–6100.**

**US District Court Electronic Case Filing System**

**District of Utah**

**Notice of Electronic Filing**

The following transaction was entered on 4/24/2025 at 5:22 PM MDT and filed on 4/24/2025

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 2:25–mj–00424–DBP *SEALED* |
| **Filer:** | |
| **Document Number:** | 9(No document attached) |

**Docket Text:**
**DOCKET TEXT ORDER granting [8] Oral Motion to Unseal Case as to James L. Jensen (1) and Kelly Anne Jensen (2).**

Signed by Magistrate Judge Dustin B. Pead on 04/24/205. No attached document. (tls)
**2:25–mj–00424–DBP *SEALED*–1 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP *SEALED*–1 Notice has been delivered by other means to:**

**2:25–mj–00424–DBP *SEALED*–2 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP *SEALED*–2 Notice has been delivered by other means to:**

---

*REDACTED NOTICE FOLLOWS*

---

**This is an automatic e–mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801)524–6100.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including unrepresented parties) who receive notice by email to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. Access to the one free electronic copy**

expires as designated by PACER. To avoid incurring charges later, download and save a copy of the document during the first access. However, if the referenced document is a transcript, the free download restrictions and 30–page limit do not apply.

***NOTICE REGARDING MAILING COPIES OF NEFS AND DOCUMENTS*** The court will mail a copy of the NEF and associated document of court–generated documents (e.g., reports and recommendations, orders, and notices of hearings) to parties who are not registered to receive electronic notice, as indicated under â€œNotice has been delivered by other means to. . . â€œ. The court will not mail NEFs and documents of party–generated filings to any party (including the filing party) even if the â€œNotice has been delivered by other means to. . . â€œ states otherwise. The filing party is responsible for serving a copy of the NEF or document on parties who do not receive electronic notice.

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 4/24/2025 at 5:22 PM MDT and filed on 4/24/2025

| | |
|---|---|
| **Case Name:** | Sealed v. Sealed |
| **Case Number:** | 25–424 (Requires CM/ECF login) |
| **Filer:** | Redacted |
| **Document Number:** | Sealed (No document attached) |

**Docket Text:**
 **The docket text for this docket entry is redacted because either the case or the docket entry is sealed. Docket text can be viewed via the unredacted NEF receipt available here.** (Requires CM/ECF login)

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Dustin B. Pead (aimee_nagles@utd.uscourts.gov,
dustin_pead@utd.uscourts.gov, matthew_willey@utd.uscourts.gov,
teri_sparrow@utd.uscourts.gov, utdecf_pead@utd.uscourts.gov)
--Non Case Participants: Probation Office - Post Conviction
(utp_ecfnotice@utp.uscourts.gov), US Marshals Office - Criminal Desk
(emily.hill2@usdoj.gov, peter.mclaughlin@usdoj.gov, slcusm.cellblock@usdoj.gov,
tesha.hewlett@usdoj.gov)
--No Notice Sent:

Message-Id:6131678@utd.uscourts.gov
Subject:Activity in Case 2:25-mj-00424-DBP USA v. SEALED Notice of Unsealing Criminal Case
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524–6100.**

**US District Court Electronic Case Filing System**

**District of Utah**

## Notice of Electronic Filing

The following transaction was entered on 4/24/2025 at 5:25 PM MDT and filed on 4/24/2025

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 2:25–mj–00424–DBP |
| **Filer:** | |
| **Document Number:** | 10(No document attached) |

**Docket Text:**
 **NOTICE OF Unsealing Criminal Case as to James L. Jensen, Kelly Anne Jensen (tls)**

**2:25–mj–00424–DBP–1 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP–1 Notice has been delivered by other means to:**

**2:25–mj–00424–DBP–2 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP–2 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Dustin B. Pead (aimee_nagles@utd.uscourts.gov,
dustin_pead@utd.uscourts.gov, matthew_willey@utd.uscourts.gov,
teri_sparrow@utd.uscourts.gov, utdecf_pead@utd.uscourts.gov)
--Non Case Participants: Probation Office - Pretrial (utp_pts_ecfnotice@utp.uscourts.gov),
US Marshals Office - Criminal Desk (emily.hill2@usdoj.gov, peter.mclaughlin@usdoj.gov,
slcusm.cellblock@usdoj.gov, tesha.hewlett@usdoj.gov)
--No Notice Sent:

Message-Id:6131686@utd.uscourts.gov
Subject:Activity in Case 2:25-mj-00424-DBP USA v. Jensen Initial Appearance - Rule 5/5.1
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524–6100.**

### US District Court Electronic Case Filing System

### District of Utah

## Notice of Electronic Filing

The following transaction was entered on 4/24/2025 at 5:32 PM MDT and filed on 4/24/2025

| | |
|---|---|
| **Case Name:** | USA v. Jensen |
| **Case Number:** | 2:25–mj–00424–DBP |
| **Filer:** | |
| **Document Number:** | 11(No document attached) |

**Docket Text:**
**Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead: Initial Appearance in Rule 5/5.1 Proceedings as to James L. Jensen and Kelly Anne Jensen held on 4/24/2025. Rights and penalties are explained. Defendants each waive identity hearings. Waivers are executed and filed with the Court. Government does not seek detention as to Kelly Anne Jensen. The Court imposes conditions and orders release of Kelly Anne Jensen. Government moves for detention as to James Jensen. Arguments are heard. For the reasons stated on the record, the Court imposes conditions and orders defendants release. SEE ORDER SETTING CONDITIONS OF RELEASE. Upon release, defendants shall report to the Southern District of Texas, Brownville Division, by no later than noon on May 8, 2025.**

Attorney for Plaintiff: Michael Hess (Southern District of Texas), Attorney for Defendant: John Huber and Garrett Messerly, Retained. Interpreter: Not Needed. Probation Officer: Eli Ernst and Dominic Jackson. Recording: Electronic. (Time Start: 2:30:23, Time End: 2:59:35, Room 8.400). (tls)

**2:25–mj–00424–DBP–1 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP–1 Notice has been delivered by other means to:**

**2:25–mj–00424–DBP–2 Notice has been electronically mailed to:**

**2:25–mj–00424–DBP–2 Notice has been delivered by other means to:**

# UNITED STATES DISTRICT COURT
for the
District of Utah

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

APR 25 2025

GARY P. SEDAR
CLERK OF COURT

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 2:25-MJ-00424 DBP |
| James L. Jensen | ) | |
| | ) | Charging District's Case No. B-25-257 |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____
Southern District of Texas                                                                    .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been
        committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise,
        unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☒     a preliminary hearing. N/A

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary
       or detention hearing to which I may be entitled in this district. I request that my
       ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by
       that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:     04/24/2025                                 _____
                                                     *Defendant's signature*

                                                     _____
                                                     *Signature of defendant's attorney*

                                                     John Huber
                                                     *Printed name of defendant's attorney*

31

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

# UNITED STATES DISTRICT COURT

for the

District of Utah

APR 25 2025

GARY P. SEDAR
CLERK OF COURT

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 2:25-MJ-00424 DBP |
| Kelly Anne Jensen | ) | |
| | ) | |
| _____ | ) | Charging District's Case No. B-25-257 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____
Southern District of Texas                                                                                          .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been
committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise,
unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☑     a preliminary hearing.   *N/A*

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary
or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by
that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:     04/24/2025                                  _____
                                                           *Defendant's signature*

                                                           _____
                                                           *Signature of defendant's attorney*

                                                           Garrett W. Messerly
                                                           *Printed name of defendant's attorney*

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

# United States District Court

APR 2 5 2025

GARY P. SEDAR
CLERK OF COURT

BY_____

DEPUTY CLERK

## DISTRICT OF UTAH

UNITED STATES OF AMERICA

### V.

**James L. Jensen**

**ORDER SETTING
CONDITIONS OF RELEASE**

Case Number: **2:25-mj-00424 DBP**

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local or tribal law while on release in this case.

(2) The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant must appear in court as required and must surrender for service of any sentence imposed.

The defendant must next appear at (if blank, to be notified)

| | |
|---|---|
| Enter text. | |
| | PLACE |

Enter text.            on            Enter text.

DATE AND TIME

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear in court as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

Enter text.            dollars            ($) Enter text.

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(6) The defendant must:

☐ (a) maintain or actively seek verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer.

☒ (b) abide by the following restrictions on his/her personal associations, place of abode, or travel:
    ☒ (i) maintain residence and do not change without prior permission from the pretrial officer.
    ☒ (ii) not travel outside the state of Utah without prior permission from the pretrial officer, except to travel to Texas for court proceedings.     ☐ (iii) not travel outside the United States without prior permission from the Court.

☒ (c) avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or codefendant in the investigation or prosecution. List of persons to be provided to the defendant by the Government.

☒ (d) report on a regular basis to the pretrial officer as directed. Immediately report to the pretrial officer any contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☒ (e) not possess a firearm, ammunition, destructive device, or other dangerous weapon.

☐ (f) ☐ not use alcohol, ☐ not use alcohol to excess, ☐ not frequent establishments where alcohol is the main item of order.

☐ (g) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner. Prescriptions should be reported to the pretrial officer.

☐ (h) You shall not use, possess, or ingest products containing tetrahydrocannabinol (THC) or cannabidiol (CBD) in any form unless they are approved by the Food and Drug Administration and obtained from a pharmacy by prescription from a licensed medical professional. For purposes of this condition, an authorization for THC or CBD issued under the law of any state is not valid; a state-issued marijuana medical card is not a prescription; and a THC/CBD dispensary is not a pharmacy. You are not allowed under any circumstances to market any product containing THC or CBD.

☐ (i) submit to drug/alcohol testing as directed by the pretrial officer; defendant shall pay all or part of the cost of the drug testing:
    ☐ (1) if testing reveals illegal drug use, the defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
    ☐ (2) if testing reveals illegal drug use, the court will be notified immediately, with further action to be determined.

☐ (j) you must submit to Remote Alcohol Testing and abide by all of the program requirements for a period of * days. You must pay all or part of the costs of participation in the program as directed by the pretrial officer.

☐ (k) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☐ (l) undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☒ (m) surrender any passport to the United States Clerk of the Court, District of Utah.

☒ (n) not obtain or apply for passport.

☐ (o) not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer.

☐ (p) not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others.

☐ (q) not view, access or possess any sexually explicit materials.

☐ (r) not have contact with individuals under 18 years of age without the supervision of an adult who is previously approved by the Court or pretrial officer.

☒ (s) participate in one of the following location restriction program components and abide by its requirements as the pretrial officer instructs. Pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial officer. No overnight travel without Court approval.

☐ (i)  Curfew.  You are restricted to your residence every day (Enter) from Enter to Enter or ☐ as directed by the pretrial officer; or

☐ (ii)  Home Detention.  You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer; or

☐ (iii)  Home Incarceration.  You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the Court.

☒ (iv)  Stand Alone Monitoring.  You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

☒ (t)  submit to the following location monitoring technology and comply with its requirements as directed:

  ☐ (i)  Location monitoring technology as directed by the pretrial services or supervising officer; or

  ☐ (ii) Radio Frequency (RF);

  X   (iii) Global Positioning Satellite (GPS);

  ☐ (iv) Voice Recognition Monitoring (requires analog phone service at approved residence at participant's expense);

  ☐ (v) Virtual Monitoring Application (requires smartphone with location services and push notification features enabled at participant's expense).

☒ (u)  submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ (v)  participate in the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program under a ☐ co-payment plan or ☐ non-co-payment plan, and will comply with the provisions outlined in:

  ☐ (i)  Appendix A - Limited Internet Access (Computer and internet use, as approved);

  ☐ (ii)  Appendix B - Restricted Internet Access (Computer access only, as approved);

  ☐ (iii)  Appendix C - Restricted Computer Access (No computer or internet access except for approved employment).

All computers, internet accessible devices, media storage devices, and digital media accessible to the defendant are subject to manual inspection/search, configuration, and the installation of monitoring software and/or hardware.

The defendant must submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that all computers, internet accessible devices, media storage devices, and digital media may be subject to searches pursuant to this condition.

☐ (w)  execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property.

☐ (x)  post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:

☐ (y)  execute a bail bond with solvent sureties in the amount of $ Enter text.

☐ (z)  be placed in the custody of a third party, who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Name of person or organization
Address
City and state    (Tel no.)

Signed:_____

Custodian or Proxy

☐ (7)  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☐ (8)  Attend Pretrial Pathways Program as directed by Pretrial Services.

☐ (9) Additional conditions: Enter text.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence will be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

SLC, UT
_____
City and State

## Directions to the United States Marshal

☒ The defendant is ORDERED released after processing. Defendant is to be rolled up and released from the courthouse on Friday, April 25, 2025 at 9:00 a.m.
☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: April 24, 2025

_____
Signature of Judicial Officer

Dustin B. Pead, Chief United States Magistrate Judge

Page 4 of 5

_____
Name and Title of Judicial Officer

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH

APR 2 5 2025

GARY P. SEDAR
CLERK OF COURT

BY_____
DEPUTY CLERK

# United States District Court

## DISTRICT OF UTAH

UNITED STATES OF AMERICA

### v.

**Kelly Anne Jensen**

**ORDER SETTING
CONDITIONS OF RELEASE**

Case Number: **2:25-mj-00424 DBP**

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local or tribal law while on release in this case.

(2) The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant must appear in court as required and must surrender for service of any sentence imposed.

The defendant must next appear at (if blank, to be notified)

| | | Enter text. |
|---|---|---|
| | | PLACE |
| Enter text. | on | Enter text. |
| | | DATE AND TIME |

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear in court as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

| Enter text. | dollars | ($) Enter text. |
|---|---|---|

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(6) The defendant must:

- ☐ (a) maintain or actively seek verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer.
- ☒ (b) abide by the following restrictions on his/her personal associations, place of abode, or travel:
  - ☒ (i) maintain residence and do not change without prior permission from the pretrial officer.
  - ☒ (ii) not travel outside the state of Utah without prior permission from the pretrial officer, except to travel to Texas for court proceedings..
  - ☒ (iii) not travel outside the United States without prior permission from the Court.
- ☒ (c) avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or codefendant in the investigation or prosecution. List of persons to be provided to the defendant by the Government.
- ☒ (d) report on a regular basis to the pretrial officer as directed. Immediately report to the pretrial officer any contact with law enforcement personnel, including arrests, questioning, or traffic stops.
- ☒ (e) not possess a firearm, ammunition, destructive device, or other dangerous weapon.
- ☐ (f) ☐ not use alcohol, ☐ not use alcohol to excess, ☐ not frequent establishments where alcohol is the main item of order.
- ☐ (g) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner. Prescriptions should be reported to the pretrial officer.
- ☐ (h) You shall not use, possess, or ingest products containing tetrahydrocannabinol (THC) or cannabidiol (CBD) in any form unless they are approved by the Food and Drug Administration and obtained from a pharmacy by prescription from a licensed medical professional. For purposes of this condition, an authorization for THC or CBD issued under the law of any state is not valid; a state-issued marijuana medical card is not a prescription; and a THC/CBD dispensary is not a pharmacy. You are not allowed under any circumstances to market any product containing THC or CBD.
- ☐ (i) submit to drug/alcohol testing as directed by the pretrial officer; defendant shall pay all or part of the cost of the drug testing:
  - ☐ (1) if testing reveals illegal drug use, the defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
  - ☐ (2) if testing reveals illegal drug use, the court will be notified immediately, with further action to be determined.
- ☐ (j) you must submit to Remote Alcohol Testing and abide by all of the program requirements for a period of * days. You must pay all or part of the costs of participation in the program as directed by the pretrial officer.
- ☐ (k) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
- ☐ (l) undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
- ☒ (m) surrender any passport to the United States Clerk of the Court, District of Utah.
- ☒ (n) not obtain or apply for passport.
- ☐ (o) not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer.
- ☐ (p) not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others.
- ☐ (q) not view, access or possess any sexually explicit materials.
- ☐ (r) not have contact with individuals under 18 years of age without the supervision of an adult who is previously approved by the Court or pretrial officer.
- ☐ (s) participate in one of the following location restriction program components and abide by its requirements as the pretrial officer instructs. Pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial officer. No overnight travel without Court approval.

☐ (i) Curfew. You are restricted to your residence every day (Enter) from Enter to Enter or ☐ as directed by the pretrial officer; or

☐ (ii) Home Detention. You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer; or

☐ (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the Court.

☐ (iv) Stand Alone Monitoring. You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

☐ (t) submit to the following location monitoring technology and comply with its requirements as directed:

☐ (i) Location monitoring technology as directed by the pretrial services or supervising officer; or

☐ (ii) Radio Frequency (RF);

☐ (iii) Global Positioning Satellite (GPS);

☐ (iv) Voice Recognition Monitoring (requires analog phone service at approved residence at participant's expense);

☐ (v) Virtual Monitoring Application (requires smartphone with location services and push notification features enabled at participant's expense).

☒ (u) submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ (v) participate in the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program under a ☐ co-payment plan or ☐ non-co-payment plan, and will comply with the provisions outlined in:

☐ (i) Appendix A - Limited Internet Access (Computer and internet use, as approved);

☐ (ii) Appendix B - Restricted Internet Access (Computer access only, as approved);

☐ (iii) Appendix C - Restricted Computer Access (No computer or internet access except for approved employment).

All computers, internet accessible devices, media storage devices, and digital media accessible to the defendant are subject to manual inspection/search, configuration, and the installation of monitoring software and/or hardware.

The defendant must submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that all computers, internet accessible devices, media storage devices, and digital media may be subject to searches pursuant to this condition.

☐ (w) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property.

☐ (x) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:

☐ (y) execute a bail bond with solvent sureties in the amount of $ Enter text.

☐ (z) be placed in the custody of a third party, who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Name of person or organization
Address
City and state        (Tel no.)

Signed:_____

Custodian or Proxy

☐ (7) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☐ (8) Attend Pretrial Pathways Program as directed by Pretrial Services.

☐     (9)     Additional conditions: Enter text.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

    YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence will be in addition to any other sentence.

    Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3)     any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
                           Signature of Defendant

_____
                           City and State

## Directions to the United States Marshal

☒     The defendant is ORDERED released after processing. Defendant shall be rolled up and released from the courthouse on Friday, April 25, 2025 at 9:00 a.m.

☐     The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: April 24, 2025                    _____
                                            Signature of Judicial Officer

Dustin B. Pead. Chief United States Magistrate Judge

_____
Name and Title of Judicial Officer