IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 1:25-cr-257-1 |
| JAMES LAEL JENSEN | § § | |

### ADVISORY TO THE COURT CONCERNING BOND REVOCATION HEARING

TO THE HONORABLE COURT:

Defendant James Lael Jensen ("**Mr. Jensen**") files this Advisory to the Court Concerning Bond Revocation Hearing and would respectfully show:

### I.     INTRODUCTION

1.     The Government recently reported Mr. Jensen for an alleged violation of his conditions of release for contacting his bookkeeper in Brownsville, Ms. Gloria Moreno, in an attempt to ensure tax returns were timely prepared and filed.

2.     Prior to his Indictment, Mr. Jensen had been in routine communication with Ms. Moreno, who was employed to do bookkeeping tasks and to provide financial information to Mr. Jensen's Certified Public Accountant.

3.     Mr. Jensen was not aware of who he should or should not be in contact with as the Government had not yet provided a list of prohibited persons to Mr. Jensen or his counsel (as required under the conditions of release).  In fact, on the day that Mr. Jensen contacted Ms. Moreno, a meeting was held in McAllen, Texas with Mr. Jensen, the undersigned counsel, and the Government prosecutors to discuss this case.  At no time was the Defense provided with a list of Government witnesses or other prohibited persons.

4. Mr. Jensen did not intend to violate any rules, regulations, or conditions of his release when contacting Ms. Moreno. Mr. Jensen's only intent was to ensure that IRS deadlines would be met for his personal tax returns and for the returns for certain affiliated businesses.

5. Mr. Jensen's counsel has requested the Government provide a list of persons so that any future misunderstanding can be avoided, but to date, the Government has refused to do so.

## II.     RELEVANT BACKGROUND

6. Mr. Jensen was indicted on April 17, 2025. ECF No. 1. A superseding indictment was returned on May 22, 2025. ECF No. 82

7. April 23, 2025, Mr. Jensen was arrested in Salt Lake City, Utah.

8. On April 24, 2025, Mr. Jensen appeared before U.S. Magistrate Judge Dustin B. Pead in the United Sates District Court for the District of Utah. *See* ECF No. 25 at p. 2, 31-32.

9. U.S. Magistrate Judge Pead allowed Mr. Jensen to be released under certain conditions. *See* ECF No. 25 at p. 33-37.

10. On May 5, 2025, U.S. Magistrate Judge Karen Betancourt entered an Order Granting Joint Motion to Modify Bond Conditions. ECF No. 50.

11. One of the agreed conditions of release was that Mr. Jensen would "avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or co-defendant in the investigation or prosecution. **List of persons to be provided to the defendant by the Government**." *See* ECF No. 25 at p. 34, Section C of the Additional Conditions of Release (emphasis added).

12. On June 23, 2025, Mr. Jensen traveled to Brownsville (with knowledge and approval from his USPO officer) for purposes of meeting with his undersigned counsel and for a June 24, 2025 meeting at 2 p.m. with the U.S. Attorney's Office in McAllen. *See* June 20 e-mail

attached as **Exhibit 1** and incorporated by reference.  In this June 20, 2025 e-mail, Mr. Jensen notified his Pre-Trial Services Officer that, among other things, Mr. Jensen planned on "meeting with accountant on personal taxes." *Id.*

13.     On the morning of June 24 at 11:50 a.m. (prior to the meeting with the Government), Mr. Jensen reached out via e-mail to Ms. Moreno about the need to get financials so he could prepare his personal tax returns.  Mr. Jensen advised Ms. Moreno that he was unsure about who he could or could not speak to but that "from the meetings today, I hope I'll have someone [sic] clear directions what I can do."  *See* June 24 e-mail attached as **Exhibit 2** and incorporated by reference.  Mr. Jensen specifically conditioned any subsequent meeting with Ms. Moreno on getting more clarity from the Government on who can be contacted: "Hopefully, if I can get that cleared we could maybe get together later this week while I'm down here." *Id.*

14.     To be absolutely clear – at that time (and to the present) the Government had neither provided the Defense with the "list of persons" as required under the Amended Conditions of Release nor informed the Defense that Ms. Moreno was a witness or otherwise prohibited person.

15.     After the meeting with the Government in McAllen, the undersigned counsel received a call from lead AUSA Sturgis advising that Mr. Jensen had allegedly violated his conditions of release by communicating with Ms. Moreno. Defense counsel explained his understanding that Ms. Moreno was a bookkeeper whose assistance was needed to gather information and records for outstanding tax returns. Mr. Sturgis explained that the Government did not believe that Ms. Moreno was a bookkeeper, did not believe that Ms. Moreno had been involved with the company for an extended period of time, and believed the only plausible reason Mr. Jensen had contacted Ms. Moreno was to improperly influence her (i.e. witness tampering). Based on those positions, AUSA Sturgis advised he reported a violation to the USPO's office.

16. The Government's understanding was wrong. Ms. Moreno had been in regular communication with Mr. Jensen and had been actively assisting in gathering information for tax preparation. Text messages between Ms. Moreno and Mr. Jensen show this. *See* text messages attached as **Exhibit 3** and incorporated by reference. E-mail communications between Ms. Moreno and Mr. Jensen also show her role in assisting with bookkeeping functions. *See* e-mails attached as **Exhibit 4** and incorporated by reference.

17. On June 25, 2025, the Defense asked AUSA Sturgis for a list of witnesses to provide clarity on who the Defendants should or should not contact. *See* June 25 e-mail from Robert Guerra (counsel for co-defendant Max Jensen) to AUSA Sturgis, attached and incorporated as **Exhibit 5**. In his response, AUSA Sturgis declined to give a list and just generally stated that "any employee, current or past, of any of the Jensen companies is a potential or likely witness."[1] *Id.*

18. Based on the Government's reporting to the USPO of Mr. Jensen's contact with Ms. Moreno as an alleged violation, on June 26, 2025, this Court set a Bond Revocation Hearing for July 16, 2025.

19. On June 26, 2025, this Court set a telephone conference for July 2, 2025 at 1:15 p.m.

20. At the time Mr. Jensen contacted Ms. Moreno, other than a single recorded post-arrest interview, the Government had produced no discovery, no reports, no search warrants, no search warrant inventories, and no investigative summaries.

---

[1] After receiving AUSA Sturgis' response, co-defendant Max Jensen filed a Motion to Compel the Government to provide a list of witnesses to Defendant and modify the terms and conditions of his release. ECF No. 106. Mr. Jensen intends to join the relief sought in that motion.

### III.  ADVISORY

21. Mr. Jensen did not knowingly violate any condition of his release. The condition contemplates that the Government would provide a list of persons with whom Mr. Jensen would be prohibited from contacting. The government has still not done so. It would be impossible not to contact a specified list of persons when the Government refuses to give such a list. The Conditions of Release (and basic Due Process) requires the Government to provide notice of those persons it considers victims, witnesses, or otherwise prohibited persons. Without that, the Defendants are left to speculate about who they can communicate with – all with the risk of bond revocation hanging over their heads.

22. Mr. Jensen's conduct actually showed prudence and respect for the law. When he contacted Ms. Moreno, he specifically advised her in the June 24, 2025 e-mail that he would try to get clarity from the Government about who he could or could not speak to. Prior to making contact with Ms. Moreno, the Government never advised the Defense or Mr. Jensen that Ms. Moreno could not be contacted.

23. The Indictment does not allege a tax offense that would make her role as a bookkeeper somehow equate to a protected person. What motivated Mr. Jensen was only a sincere desire to make sure tax returns would be timely prepared and filed. There is absolutely no evidence or logic to suggest that he was attempting to improperly influence a witness. The Government's belief otherwise was based on an incorrect understanding of the facts – i.e. that Ms. Moreno was not actively and currently involved in bookkeeping – a position that is conclusively refuted by the attached text messages and e-mails.

24.     Mr. Jensen respectfully requests that the Court maintain his current conditions of release and order the Government to provide the "List of Persons" contemplated by the Additional Conditions of Release so that there can be no uncertainty in the future.

## PRAYER

For the reasons stated herein, Defendant James Lael Jensen respectfully requests that the Court consider this advisory.

DATED: July 1, 2025.

Respectfully submitted,

By:     */s/ Jason M. Davis*
Jason M. Davis
**Attorney-in-Charge**
State Bar No. 00793592
Southern District ID No. 20114
E-mail:  jdavis@dslawpc.com

**DAVIS & SANTOS, PLLC**
719 S. Flores Street
San Antonio, Texas  78204
Tel:  (210) 853-5882
Fax:  (210) 200-8395

*Attorney for Defendant*
*James Lael Jensen*

## CERTIFICATE OF SERVICE

I certify that on the 1st day of July 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Jason M. Davis*
Jason M. Davis