UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | |
| § | CRIMINAL NO. B-25-257-S2 |
| JAMES LAEL JENSEN § | |
| MAXWELL STERLING JENSEN § | |
| a/k/a "Max" § | |

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### 18 U.S.C. § 1956(a)(1)(B)(i) and (h)
### (Money Laundering Conspiracy)

Beginning on or about January 2018 to on or about April 2025 in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly and intentionally conspire and agree with each other and other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: Smuggling of Goods into the United States, in violation of Title 18, United States Code, Section 545, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

## COUNT TWO
## 18 U.S.C. § 1956(a)(1)(B)(i) and (h)
## (Money Laundering Conspiracy)

Beginning on or about January 2018 to on or about April 2025 in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly and intentionally conspire and agree with each other and other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: Entry of Goods by means of False Statement, in violation of Title 18, United States Code, Section 542, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

## COUNT THREE
## 18 U.S.C. § 1956(a)(1)(B)(i) and (h)
## (Money Laundering Conspiracy)

Beginning on or about January 2018 to on or about April 2025 in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly and intentionally conspire and agree with eachother and other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, to wit: Transportation of Stolen Goods, in violation of Title 18, United States Code, Section 2314,

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

## COUNT FOUR
## 18 U.S.C. § 1957 and 1956(h)
## (Money Laundering Conspiracy)

Beginning on or about July 22, 2021 to on or about July 29, 2022, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly and intentionally conspire and agree together and with each other and with other persons known and unknown to the Grand Jury, to engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is the transfer of funds and monies, to wit: wire transfers to Fairview Investments Fund V, LP such property having been derived from a specified unlawful activity, that is, Smuggling of Goods into the United States, in violation of Title 18, United States Code, Section 545, Entry of Goods by means of False Statement, in violation of Title 18, United States Code, Section 542, and Transportation of Stolen Goods, in violation of Title 18, United States Code, Section 2314.

All in violation of Title 18, United States Code, Section 1957 and 1956(h).

## COUNT FIVE
## 18 U.S.C. § 1957
## (Money Laundering Spending)

Beginning on or about July 22, 2021, to on or about July 29, 2022, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and**
**MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly engage and attempt to engage in the following monetary transactions by, through or to financial institution, affection interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is the transfer of funds and monies, to wit: wire transfers to Fairview Investments Fund V, LP such property having been derived from a specified unlawful activity, that is, Smuggling of Goods in to the United States, in violation of Title 18, United States Code, Section 545, Entry of Goods by means of False Statement, in violation of Title 18, United States Code, Section 542, and Transportation of Stolen Goods, in violation of Title 18, United States Code, Section 2314.

All in violation of Title 18, United States Code, Sections 1957 and 2.

### COUNT SIX
### 18 U.S.C. § 545 and 2
### (Aid and Abet Smuggling Goods into the United States)

Beginning on or about January 2018 to on or about April 2025, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

### JAMES LAEL JENSEN and
### MAXWELL STERLING JENSEN a/k/a "Max",

did fraudulently and knowingly receive, conceal, buy, sell and facilitate the transportation, concealment, and sale of merchandise imported contrary to law, that is Title 19 United States Code, Sections 1202-1683g ("the Tariff Act") then knowing that said merchandise had been imported and brought into the United States contrary to law.

In violation of Title 18, United States Code, Sections 545 and 2.

### COUNT SEVEN
### 18 U.S.C. § 542 and 2
### (Aid and Abet Entry of Goods by means of False Statements)

Beginning on or about January 2018 to on or about January 2025 in the Southern

4

District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did willfully and knowingly enter and introduce, and attempt to enter and introduce, into the commerce of the United States, imported merchandise, that is approximately four thousand one hundred seventy (4,170) shipments of crude oil by means of a false and fraudulent invoice, declaration, affidavit, letter, paper, or by means of any false or fraudulent practice which falsely and fraudulently stated that the imported merchandise was "waste of lube oils", "petroleum distillates", and other false descriptions whereas, in truth and fact, as defendants, well knew, the said imported merchandise contained crude oil.

In violation of Title 18, United States Code, Sections 542 and 2.

### COUNT EIGHT
### 18 U.S.C. § 2314 and 2
### (Interstate Transportation of Stolen Property)

Beginning on or about January 2018 to on or about April 2025, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly transport, transmit, and transfer in interstate and foreign commerce any goods, wares, and merchandise, to wit: crude oil, in the value of $5,000.00 or more, knowing the same to have been stolen, converted and taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

### COUNT NINE
### 18 U.S.C. § 1957
### (Money Laundering Spending)

On or about May 17, 2024, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

**JAMES LAEL JENSEN,**

did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of monetary instruments, to wit: an Arroyo Terminals, LLC check made payable to South Texas Buick - GMC, such property having been derived from a specified unlawful activity, that is, smuggling goods into the United States.

In violation of Title 18, United States Code, Section 1957.

## COUNT TEN
## 18 U.S.C. § 2339B
### (Conspiring to provide material support or resources to a designated foreign terrorist organization)

At all times relevant to this indictment the Jalisco New Generation Cartel, a/k/a Cartel de Jalisco Nueva Generacion or CJNG, (Jalisco Cartel) is a Mexico-based transnational criminal group that controls a significant portion of the narcotics trafficking trade. Formed in or about 2011 from the remnants of the Milenio Cartel, which was affiliated with the Sinaloa Cartel, the Jalisco Cartel has a presence in dozens of countries, including the United States. The cartel maintains its vast drug trade through violence, bribery of corrupt officials, and a franchise-based command structure.

The Jalisco Cartel is overseen by Nemesio Ruben "El Mencho" Oseguera-Cervantes and a small group of top-tier commanders who report directly to El Mencho. A second tier of bosses operates under the top tier leaders. The franchise model permits each semi-independent group to customize its operations according to specific areas of expertise (for example, running clandestine methamphetamine labs) or market demands, provided it complies with naming, branding, and organizational structure requirements and follows the general direction of Jalisco Cartel leaders. Because new franchises are

easy to establish, the franchise model enables the Jalisco Cartel to expand quickly. The Jalisco Cartel also maximizes its revenue through this model, because leadership does not pay the operating costs of its franchises but does collect a percentage of overall profits.

The Jalisco Cartel obtains methamphetamine and fentanyl precursor chemical shipments from China and cocaine shipments from South America. The Jalisco Cartel illicitly transports cocaine, methamphetamine, fentanyl, and other controlled substances into the United States. The Jalisco Cartel also engages in money laundering, bribery, extortion of migrants, taxing of migrant smugglers, and other criminal activities, including acts of violence and intimidation.

From on or about April 15, 2025, and to on or about April 23, 2025, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

did knowingly conspire and agree together to provide material support and resources, to wit: United States currency, to a foreign terrorist organization, namely, the Cártel de Jalisco Nueva Generación (CJNG), which was designated a foreign terrorist organization on February 20, 2025, knowing that the organization was a designated terrorist organization, that the organization had engaged in and was engaging in terrorist activity and terrorism, and the defendants are United States nationals.

In violation of Title 18, United States Code, Sections 2339B.

### NOTICE OF CRIMINAL FORFEITURE
**[18 U.S.C. § 982(a)(1)]**
(Counts One and Four)

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of violations of Title 18, United States Code, Sections 1956 and 1957, as

7

alleged in Counts One and Four of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## NOTICE OF CRIMINAL FORFEITURE

**[18 U.S.C. § 982(a)(2)(B); 19 U.S.C. § 1595a; 28 U.S.C. § 2461(c)]
(Counts One through Nine)**

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), Title 19 United States Code Section 1595a, and 28 U.S.C. § 2461(c), as a result of the commission of violations of Title 18, United States Code, Sections 542, 545, and 2314 as alleged in Counts Two and Three of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States: (1) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of Sections 542 and 545; (2) merchandise introduced into the United States in violation of Section 545, or the value thereof; (3) all vessels, vehicles, or other thing used in, to aid in, or to facilitate the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law; and (4) any merchandise introduced, or attempted to be introduced, into the United States contrary to law.

**[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]
(Count Ten)**

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), as a result of the commission of violation of Title 18, United States Code,

Section 2339B, as alleged in Count Five of this Indictment, notice is given to the defendants,

**JAMES LAEL JENSEN and
MAXWELL STERLING JENSEN a/k/a "Max",**

that the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18 United States Code, Section 2339B.

## **MONEY JUDGMENT**

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable. That amount is estimated to be, but is not limited to, approximately $300,000,000.00 in United States currency.

## **PROPERTY SUBJECT TO FORFEITURE**

The property subject to forfeiture includes, but is not limited to, the following property:

1) Tank Barge with vessel name of "AT 3001" and hull number 1083431;

2) Tank Barge with vessel name of "AT 2001" and hull number 1029676;

3) Tank Barge with vessel name of "AT 1001" and hull number 1094955;

4) Tank Barge with vessel name of "AT 4001";

5) 2015 Peterbilt 389 Tractor Truck, VIN# 1XPXD49XXFD260576, registered to Jentran, LLC;

6) 2020 Peterbilt 389 Tractor Truck, VIN# 2XPXD49X7LM706706, registered to Jentran, LLC;

7) 2020 Peterbilt 567 Tractor Truck, VIN# 1XPCD49X0LD649219, registered to Jentran, LLC;

8) 2024 GMC Sierra pickup truck, VIN# 1GT19XEY0RF374118, registered to Arroyo Terminals, LLC;

9) Real property and improvements located at 13357 S. Lake Forrest Dr., Draper, Salt Lake County, Utah with a legal description of:

All of Lot 614, contained within Bellevue Phase 6A, a Planned Community, as the same is identified in the Plat Map recorded in Salt Lake County, Utah, as Entry No. 10948958, in Book 201 OP, at Page 81, of the official records of the county recorder of Salt Lake County, Utah (as said Record of Survey Map may have heretofore been amended or supplemented) and in the Declaration of Covenants, Conditions and Restrictions of Bellevue, a Planned Community, recorded in Salt Lake County, Utah, as Entry No. 9140466, in Book 9023, at Page 4303, of the official records of the county recorder of Salt Lake County, Utah (as said Declaration may have heretofore been amended or supplemented), together with an undivided percentage of ownership interest in the Association.

10) Real property and improvements located at 11177 Eagle View Drive, Sandy, Utah and legally described as:

Lots 22, 23, 24 of Lost Canyon Estates, according to the official plat thereof, recorded in Book 94-95 of plats at 125, records of Salt Lake County, State of Utah.

11) Real property and improvements located on a 35-Acre Tract of Land with mailing address of 15 Reed Drive, Jackson, Wyoming, and legally described as:

A part of the riparian lands appurtenant to Lot 1 of Section 16, T42N, R116H, 6th P.M., Teton County, Wyoming, bounded as follows: On the east by a line described as follows: Beginning at a point on said boundary agreement fine recorded in Book 231, page 1178, from which the Meander Corner between Sections 16 and 9 lies N 89° 45′ 52″ E, 581.52 feet, thence 5 29° 52′ 38″ W, 1540.10 feet to the intersection with the boundary agreement line recorded in Book 231, page 1182, in said Clerk's office; On the south by the said boundary agreement line recorded in Book 231 of Photo, page 1182; On the west by the thread of the main channel of the Snake River; On the north by said boundary agreement line recorded in Book 231 of Photo, page 1178; Encompassing an area 35.0 acres, more or less east of the survey description line of the Snake River levee easement, plus the area in the bed of the Snake River west of the survey line of the levee. The base bearing for the description of S 89° 51′ 57″

W between the N 1/4 corner and NW corner of said Section 15. All in accordance with the Map of the REED HOMESTEAD subdivision.

12) Approximately 23,000 barrels of crude oil.

13) Approximately 27,974.86 barrels of crude oil.

14) Approximately 25,642.78 barrels of crude oil.

15) Approximately 893.51 barrels of crude oil.

16) $2,551,080.96 in funds from Chevron Products Company, a Division of Chevron U.S.A., Inc

17) 2022 Toyota Tundra TRD Pro, VIN: 5TFPC5DB5NX002890

## **SUBSTITUTE ASSETS**

Defendants are notified that, in the event that the property that is subject to forfeiture, as a result of any act or omission of any defendant:

(1) cannot be located upon exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:



FOREPERSON OF THE GRAND JURY

NICHOLAS GANJEI
UNITED STATES ATTORNEY

_____
JAMES H. STURGIS
ASSISTANT UNITED STATES ATTORNEY

_____
STEVEN SCHAMMEL
ASSISTANT UNITED STATES ATTORNEY

