# Exhibit B

DAVIS SANTOS

Jason Davis
jdavis@dslawpc.com

July 17, 2025

Mr. James Sturgis
Assistant United States Attorney
McAllen Division

*Via E-mail: james.sturgis@usdoj.gov*

Re: Case No. 1:25-cr-00257; *USA v. Jensen, et al.*; pending in the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Sturgis:

Thank you for the e-mail update yesterday. Please see our comments and questions below.

**Oil Testing**. Will you be the point person for our expert who plans on testing the seized oil? I just want to streamline the logistics for when and where this can happen. Please let me know so we can get this on the calendar.

**Discovery.** We appreciate the update. We do not understand, however, the ongoing delay in proving basic discovery (i.e. the search warrants, recordings, videos, photos, etc.). Many of those were briefly displayed during the Government's June presentation and many (certainly for the West Texas events) have been in the Government's possession for months if not years. We intend to file motions addressing this issue in the event we do not receive these materials early next week as your e-mail promises. Again, we hope to avoid unnecessary legal proceedings to compel compliance with basic discovery obligations but the delay – after multiple attempts to confer -- leaves us little option but to seek court intervention.

**Witness Lists.** We also do not understand the Government's delay in providing a list of who the Government considers "prohibited persons" for purposes of having direct contact with our client. Our legal team is actively investigating and preparing the Defense and, of course, will be interviewing witnesses as part of that effort. While contact by the Defense team and its investigators is not prohibited by the conditions of release, we do need to know asap who the Government contends our clients should not be talking to directly. In that way, if there is any disagreement, we can jointly raise the issue with the Court.

**Gloria Moreno**. The Court asked us during the July 2, 2025 teleconference to advise the Court if either side wished to depose Ms. Moreno concerning: (1) her role and knowledge as a witness – in relation to the Government's position that the Defendants should not have direct contact with her; and (2) concerning the Government's suggestion that Mr. Jensen's e-mail to her somehow constituted an improper attempt to threaten or otherwise influence her. The Defense will agree not to depose Ms. Moreno if the Government will: (1) consent

to the Defendants having direct contact with her; and (2) affirmatively agree that the Government will not take the position, state, or suggest that Mr. Jensen was acting improper in any way when e-mailing her. Without such agreement, the Defense intends to notify the Court per the Court's instructions that it would like to proceed with the deposition. In that event, we would ask you to provide us dates you would be available to conduct the deposition.

We appreciate your attention and look forward to hearing from you on these subjects.

Sincerely,

Jason Davis

JD/eg

cc: Mr. Robert L. Guerra, Jr. *Via E-mail:* *rguerra@rguerralaw.com*