# Exhibit A

# DAVIS SANTOS

Jason Davis
jdavis@dslawpc.com

July 11, 2025

Mr. James Sturgis                          *Via E-mail:* james.sturgis@usdoj.gov
Assistant United States Attorney
McAllen Division

Re:    Case No. 1:25-cr-00257; *USA v. Jensen, et al.*; pending in the United States
       District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Sturgis:

This letter seeks additional discovery from the United States of America (the "**Government**"). As detailed below, it is evident that the Government has not produced material that is discoverable pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jencks Act, 18 U.S.C. § 3500, and other applicable doctrines. On behalf of Defendant James Jensen ("**Defendant**"), and with motions deadlines approaching, we request that the Government: (1) promptly produce the documents and information identified below; (2) if no such information or documents exist, to certify the same in writing; and (3) in the event that the requested information or documents exist but the Government refuses to produce them, the basis for such refusal so that the parties may bring their respective positions to the attention of the Court. We thank you in advance for your careful attention to these important matters.

First, the Government has produced little to no evidence related to Counts One through Four of the Superseding Indictment. The Government broadly described and displayed some of the relevant evidence in its presentation during our June 24, 2025 meeting, but has not produced: (1) investigative reports, (2) subpoenas, (3) search warrants, (4) search warrant affidavits, (5) documents collected pursuant to those subpoenas or search warrants, (6) witness interview summaries or transcripts, (7) surveillance photographs or videos, (8) laboratory testing, or (9) any other relevant discovery dated prior to April 2025. Such material is not only discoverable pursuant to Rule 16(a)(1), it is likely also discoverable pursuant to the Government's obligations pursuant to *Brady*, *Giglio*, the Jencks Act, and other relevant discovery obligations.

Based on your June 24 presentation, it appears that the Government has been in possession of some of these materials for several years. It has been nearly three months since the Defendants were arrested, more than sufficient time for the Government to produce these most basic materials. We therefore request the Government produce all such material for each agency involved in this investigation, including the Federal Bureau of Investigation, the Department of Homeland Security, the Drug Enforcement Administration, the Internal

Revenue Service, the Texas Department of Public Safety, and any and all other federal, state, or local agencies that participated in the investigation of this matter.

Second, the Government has not produced any of the materials seized during the arrests and related searches of Defendants, including any search warrants, search warrant affidavits, search warrant returns, contents of electronic devices, and other material seized during the arrests. Though processing of electronic information may account for some delay in production, most of this material should have been available for production shortly after the arrest of the Defendants. Please produce all such material as soon as possible. The fact that the Government may be engaged in a taint process (by separate letter, the Defense is providing a list of attorneys or other privileged persons for such purposes) does not excuse producing a copy of the Defendants' own materials back to them. There is no plausible justification for further delay in producing the search warrants, search warrant affidavits, and returns.

Third, regarding the Government's allegations under Count Five, the Government has only produced a limited selection of reports, records, and photographs. Please confirm that this production includes all evidence that the Government may introduce in support of Count Five. To the extent that the Government intends to rely upon any other evidence, we ask that such evidence be produced.

Fourth, under Count Five, the Government will likely need to prove that Defendant was predisposed to commit the offense prior to being approached by Government agents. *See United States v. Theagene*, 565 F.3d 911, 919 (5th Cir. 2009). As Count Five alleges that Defendant knowingly conspired to provide material support to Cartel Jalisco Nueva Generacion ("**CJNG**"), searches for such evidence should include the following:

- all statements by Defendant (or his alleged co-conspirators) regarding CJNG, the individual referred to as "El Tanque," the individual referred to as "Mencho," any other drug cartel or transnational criminal organization, or any persons identified as a member of a drug cartel or transnational criminal organization;

- all statements by any informant, defendant, or witness cooperating with the Government's investigation in this or any other matter ("**CI**") regarding or referencing the Defendant, his alleged co-conspirators, his family members, or any of their affiliated businesses; and

- all statements by "El Tanque," "El Mencho," any alleged member or affiliate of CJNG, or any alleged member or affiliate of any other drug cartel or transnational criminal organization regarding or referring directly or indirectly to the Defendant, his alleged co-conspirators, his family members, or any of their affiliated businesses.

Please note that searches for the statements noted above should include all communications collected by and/or available to any member of the prosecution team,

including through any criminal, national security, intelligence, or administrative authority. In particular, such searches should include information collected pursuant to the Foreign Intelligence Surveillance Act ("**FISA**"), Executive Order 12333, any Title III collection in any criminal case, any voluntary recordings by any CI, and any reports of statements by any CI, source, or witness made available to the FBI, DHS, or any other member of the prosecution team. The search for information collected pursuant to FISA and EO 12333 is particularly relevant in this case, as the Government has alleged Defendants conspired to provide material support for a designated foreign terrorist organization and thus is relying, at least in part, on its national security authorities and personnel. Defense counsel is prepared to work through the Classified Information Procedures Act, if necessary.

Please further note that the sources of information detailed above could include information discoverable pursuant to Rule 16(a)(1)(B) and (a)(1)(E), as well as the Government's obligations under *Brady*, *Giglio*, and other doctrines. Indeed, the absence of evidence of such predisposition in the sources identified above may itself be exculpatory and thus discoverable under *Brady* and other relevant doctrines. Evidence that the Government conducted searches of the above-referenced sources therefore must also be produced, even if such searches identified no admissible evidence.

Fifth, the material produced by the Government thus far indicates that it worked with cooperating defendants or cooperating individuals (collectively "**CI**") to gather evidence regarding Defendants. The use of a CI renders a host of information regarding that CI subject to discovery, including any agreements between the CI and the Government, any benefits provided by the Government to the CI, the CI's criminal history, any false or misleading statement by the CI to the Government, and any statements by the CI regarding any matter relevant to Defendants or any expected testimony by the CI—including from the sources noted above. This information should be produced for the CI identified in the material produced by the Government and any other CI or witness the Government has not yet identified. While the Government has produced a few recordings and two photographs related to the April 2025 Government CI operation, please produce all recordings, photographs, videos, and reports made or attempted and describe the date, time, and context for any such recording for any and all CI or undercover operations. This should also include, without limitation, any and all operation plans, approvals, training, guidance, agreements, briefing and other documentation related to the April 2025 operation and any other operations, meetings (whether contemplated, planned, or executed).

Sixth, to the extent not included in the above categories, we expressly request the production of any other material that may be exculpatory for Defendant, relevant to the impeachment of any witness, or otherwise discoverable pursuant to Rule 16, *Brady*, *Giglio*, the Jencks Act, and any other relevant discovery obligation.  As you know, the local rules of the Southern District (including the Brownsville Division) already compel strict compliance with such obligations without the need for Defense motions.

Seventh, to the extent the Government intends to call an expert witness to testify at trial in this matter, we request the Government to promptly disclose all information regarding such expert testimony required by Rule 16(G).  Delay in production of such information will

severely prejudice the Defense and make it difficult if not impossible for the Defense to identify and retain any rebuttal experts. The Defense will move to exclude any untimely or inadequately disclosed experts. If the Government does not intend to offer any expert testimony, please confirm.

Eighth, please consider this a request for disclosure of any evidence the Government intends to introduce under Fed. R. Evid. 404(b). Pursuant to Rule 404(b)(3), please provide notice of any such evidence, the intended purpose for which the Government intends to use such evidence, and the reasoning supporting that purpose.

Ninth, as we discussed during our meeting last month, the Defense would like to arrange for the testing of the waste oil products that were present in the barges and/or tanks at the Arroyo facility on the date of the Defendants' arrest. We have been waiting for a proposed date and time that our experts can test the products to avoid the oil being tainted, sold, or otherwise disposed of. Please advise asap when we could arrange for such testing.

Tenth, pursuant to our teleconference with the Court on July 2, the Government was to provide the Defense with a list of persons who the Government considers witnesses or otherwise prohibited persons for purposes of the Pre-Trial Services' non-contact condition. To date, we have not received such a list. Please promptly produce the list.

Eleventh, during the July 2 teleconference with the Court, the Court requested that the parties notify the Court if either party believed a deposition of Ms. Gloria Moreno would be necessary. We intend to notify the Court that such a deposition will be required given the Government's allegations and position concerning Ms. Moreno. Please provide dates that you would be available to participate in such deposition so we can jointly advise the Court and seek an order authorizing the deposition.

This is not a final or exhaustive list of our discovery concerns but we wanted to get these to you asap in the sincere hope of avoiding unnecessary motion practice.

Please let me know if you have any questions or if we should schedule a phone call to discuss these matters further.

Sincerely,

Jason Davis

cc:    Mr. Robert L. Guerra, Jr.          *Via E-mail: rguerra@rguerralaw.com*