# Exhibit B

DAVIS SANTOS

Jason Davis
jdavis@dslawpc.com

September 4, 2025

Mr. James Sturgis
Assistant United States Attorney
McAllen Division

*Via E-mail:* james.sturgis@usdoj.gov

Re: Case No. 1:25-cr-00257; *USA v. Jensen, et al.*; pending in the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Mr. Sturgis:

This letter seeks to confer again in the hope of avoiding the necessity of a motion to compel discovery. On July 11, 2025, I sent you a letter on behalf of Defendant James Jensen ("**Defendant**") regarding various deficiencies in the discovery produced by the United States of America (the "**Government**"). Although the Government has since produced some of the documents identified in the letter, it still has not produced significant discovery to which Defendant is entitled. With the Court's discovery deadline coming up on Friday, September 5, 2025, and the deadline to file motions on October 6, 2025, Defendant can no longer wait for this critical discovery.

First, the Government still has not produced the search warrants, search warrant affidavits, and returns. As noted in the July 11 letter, nearly all of this material has been in the Government's possession for months. We reiterate our demand that these documents be produced immediately or confirmation of the Government's refusal to do so.

Second, despite the request in our July letter, the Government has still not produced all of the materials seized by the Government pursuant to its search warrants and the arrests. These materials include the full results of all searches of email accounts, electronic devices, business records, and other documents acquired pursuant to search warrants. The Government has produced hand-selected excerpts from some of these materials—e.g., selected emails, with commentary from agents—but it has not produced the full set of seized materials. There is no basis for the Government to withhold any of these materials, as they are all Defendants' communications and documents. We therefore reiterate our request for the production of all such materials.

Third, our July 11 letter requested the Government search for documents that could be exculpatory or otherwise subject to production pursuant to the Government's obligations under *Brady*, *Giglio*, *Jencks*, and other rules and doctrines. These documents include intercepted communications that may be in the possession of the Government, including those acquired through the Foreign Intelligence Surveillance Act, Executive Order 12333, any Title III wiretaps, any consensual recording, or any search warrants. As explained in the letter, the Government's

allegations make such communications potentially exculpatory or otherwise relevant to the defense of this case, including to the Government's showing that Defendant was inclined to provide material support to a foreign terrorist organization ("**FTO**") prior to being approached by Government agents. Specifically, we reiterate our request that the Government search for the following documents:

- any communications with either of the Defendants and any person known or believed to be associated with the Cartel Jalisco Nueva Generacion ("**CJNG**"), any other FTO, or any person known or believed to be a member or associate of an FTO;

- any communications between either of the Defendants and any informant, cooperating defendant, or witness working with the Government ("**CI**," including the CI referenced in DEA Reports dated November 30 and December 6, 2024 ("**CI-1**");

- any communications between any CI that reference or concern the Defendants, their businesses, or their family members;

- any communications between any CI and any person known or believed to be associated with CJNG or any other cartel/FTO, including without limitation communications between CI-1 and persons identified in reports as "El Tanque," "X," "Nareda," "Chimuelo," "El H," or "Primito"; and

- any communications by any alleged member or affiliate of CJNG (including those noted above) referring to or regarding Defendants, their businesses, or their family members.

Thus far, the Government has produced none of this material. We reiterate our request that the Government produce this material as soon as possible.

Fourth, our July 11 letter asked for a variety of information regarding the CIs and other potential witnesses for the Government, including relevant reports, criminal history, and relevant statements. The Government has produced some reports of interviews with CIs but still has not produced other critical material. For instance, as to CI-1, the Government has not produced:

- CI-1's A-file;

- any indictment or other charges against CI-1;

- any plea agreement or other agreement with the Government;

- records reflecting any payments to CI-1;

- communications between counsel for CI-1 and Government, including target letters and proffer letters;

- recordings of any interviews and rough notes of interviews of C1-1;
- subpoenas served on CI-1 or his businesses (including Luxemborg Trading, LLC);
- documents reflecting the forfeiture of any assets of CI-1 or his entities;
- documents reflecting assets of CI-1 or his entities that have not been subject to forfeiture;
- any permits or licenses from the Government or any state government provided to CI-1 or his businesses regarding the import of petroleum products;
- the photographs shown to CI-1 during interviews, as noted in the DEA-6 report dated November 30, 2024;
- documents reflecting the clients or customers of Luxemborg Trading, LLC or any other business affiliated with CI-1, as referenced in paragraph 23 of the DEA-6 report dated November 30, 2024;
- any emails, messages, or other communications of CI-1, including the What's App communications and content of the CI-1's phone referenced in paragraph 7 of the DEA-6 report dated December 6, 2024;
- any reports, communications, or other information regarding the "raid" on December 2, 2024, referenced in paragraph 8 of the DEA-6 report dated December 6, 2024;
- any reports, communications, or other material relating to the CPA identified in paragraph 11 of the DEA-6 report dated December 6, 2024; and
- all bank records for CI-1, Luxemborg Trading, LLC, and other affiliated entities, as referenced in paragraph 21 of the DEA-6 report dated November 30, 2024;

All such information is discoverable pursuant to *Brady*, *Giglio*, *Jencks*, Rule 16, and other relevant discovery obligations. We therefore request the production of all such material relating to CI-1 and any other CI utilized by the Government.

Fifth, much of the discovery the Government has produced is incomplete, overly redacted, or suggests the need for the production of additional documents. These documents include:

- unredacted versions of DEA-6 reports dated November 30 and December 6, 2024, and January 9, 2025, and the DHS Report of Investigation dated December 19, 2024, along with any other reports referenced in those reports or confirmation such reports have already been produced;

- documents relating to Sofia Alejandra Rodriguez-Saldivar and Jesus Rodriguez-Caballero, including any A-file, visa documents, indictments or other charges, plea agreements, reports, or correspondence with the Government;

- all documents regarding any business transactions between CI-1 and Zachary Golden Jensen, as noted in paragraph 7 of the January 9, 2025 DEA-6 report;

- any search warrants, search warrant affidavits, returns, consent documents, or other authorizations relating to the August 16, 2024, stop, boarding, and sampling from two barges, as reflected in the DEA-6 report dated February 12, 2025;

- all reports, communications, records of imports, AmSpec tests, and other documents referenced in the DEA-6 reports dated February 12 and March 3, 2025, or confirmation that such documents have already been produced;

- document relating to the CS referenced on page 9 of the DEA-6 report dated March 3, 2025, including any agreements with the Government, communications, reports, payments, subpoenas, interview recordings, or consent/authorization documents;

- documents relating to the "confidential sources close to" Defendants referred to on page 38 of the DEA-6 report dated March 3, 2025, including any agreements with the Government, communications, reports, payments, subpoenas, interview recordings, or consent/authorization documents;

- documents relating to the "confidential sources close to" Defendants referred to on page 50 of the March 3, 2025 DEA-6 report, including any agreements with the Government, communications, reports, payments, subpoenas, interview recordings, or consent/authorization documents;

- documents relating to the "CHS" referred to in the FBI FD-1023 reports dated March 17, March 21, and May 20, 2025, including any agreements with the Government, communications, reports, payments, subpoenas, interview recordings, or consent/authorization documents;

- documents relating to the "Source of Information" referred in the DHS Report of Investigation dated October 9, 2024, including any agreements with the Government, communications, reports, payments, subpoenas, interview recordings, or consent/authorization documents;

- any communications or mutual legal assistance documents between the Government and the Government of Mexico regarding Defendants, CI-1, or this case; and

- any records, reports, communications, or other documents from the Texas Railroad Commission regarding Defendants, CI-1, or this case;

Finally, we reiterate our request from the July 11 letter for any other material subject to production pursuant to Rule 16, *Brady*, *Giglio*, *Jencks*, and any other applicable doctrine.

Please let me know if you have any questions or if we should schedule a phone call to discuss these matters further.

Sincerely,

Jason Davis

JD:dv

cc: Mr. Robert L. Guerra, Jr. *Via E-mail:* rguerra@rguerralaw.com