# Exhibit A

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| James Leal Jensen | ) | Case No.  1:25-CR-00257 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:    Luxemborg Trading LLC
       Attn: Custodian of Records

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place:  United States Courthouse | Date and Time:  04/27/2026 5:00 pm |
|---|---|
| 600 E. Harrison St. Brownsville, TX 78520 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date:    03/27/2026

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
James Leal Jensen _____ , who requests this subpoena, are:

Jason Davis, Davis & Santos, PLLC; 719 S. Flores, Sant Antonio, Texas 78204; jdavis@dslawpc.com; 210-853-5882

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.    1:25-CR-00257

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**ATTACHMENT A**

## I.    **DEFINITIONS AND INSTRUCTIONS**

1.    "**You**," "**Your**," refers to Luxemborg Trading, LLC, 2601 N. Skinner Rd., Edinburg, Texas 78542.

2.    "**Document**" includes, but is not limited to, the originals or copies of written, reported, recorded or graphic matter however produced, which is now or was at any time in the possession, custody, or control of the producing party, , including but not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, electronic mail and data, and any other data compilations and all of the foregoing upon which notations and writings have been made and which do not appear on the original.  Document also means information stored in, or accessible through, a computer or other information storage system.  If the information is kept in a computer or information storage system, these terms also include codes and programming instructions and other materials necessary to understand and access such systems.  The term "document" expressly includes electronic and magnetic data in any form.  Specifically, "document" includes, where applicable, archive data, backup data, backup tape recycling, deleted files, legacy data, metadata, and native format files.

3.    "**Communication**" or "**correspondence**" means the transmittal of any information in the form of words, facts, data, or otherwise, and specifically includes e-mail, text messaging, WhatsApp messages, and messaging on social media networks, and any document as defined herein reflecting such communication.

4.    "**And**" and "**or**" as used herein, shall be construed both conjunctively and disjunctively, and each shall include the other whenever such construction will serve to bring within the scope of these Requests any information that would otherwise not be brought within their scope.

5.    "**Concern**" or "**concerning**" means demonstrating, evidencing, relating to, referring to, reflecting, describing, contemplating, constituting, mentioning, summarizing, involving, containing, discussing, commenting on, identifying, logically or factually connecting with, or pertaining to, in whole or in part, the subject matter of the particular request.

6.    "**Reflect**" or "**reflecting**" means demonstrating, evidencing, relating to, referring to, describing, contemplating, or constituting.

7.    "**Commodity**" means oil, crude oil, waste oil, used oil, refined oil, unfinished oil, heavy gas oil, oil residuum, residual fuels, reformulated oil, petrochemical feedstocks, petroleum distillates, motor gas blending components, or any other petroleum products.

8.    Each document shall be produced as it is kept in the usual course of business or shall be organized and labeled to correspond to the category of documents requested. For each

1

document requested, produce the entire document, including all attachments, appendices, and exhibits. All non-identical copies of a document are to be produced.

9. The documents requested herein include any and all documents that are in your possession, custody or control and any and all documents in the possession, custody or control of third parties, including employees, agents, attorneys, accountants or others, if you have the right or privilege to examine such documents upon request or demand, whether or not such right or privilege has been exercised.

10. For a document that no longer exists or that cannot be located, identify the document, state when and how it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person who has knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

11. You may comply with this subpoena by providing the requested documents to Davis & Santos, PLLC, 719 Flores St., San Antonio, Texas 78204, c/o Jason Davis. If you have any questions please contact Jason Davis, Davis & Santos, PLLC, at (210-853-5882) or jdavis@dslawpc.com.

2

## II.   DOCUMENTS REQUESTED

**REQUEST PERIOD**: January 2018 – Present

1.   For the periods listed above, please provide all Documents and Communications concerning your transactions with the following individuals and/or business entities:

1.  James L Jensen
DOB: xx/xx/1956
SSN: xxx-xx-3760

2.  Maxwell Jensen
DOB: xx/xx/2000
SSN: xxx-xx-8783

3.  Kelly Anne Jensen
DOB: xx/xx/1972
SSN: xxx-xx-2922

4.  Zachary Golden Jensen
DOB xx/xx/1998
SSN: xxx-xx-6983

5.  Maxim Crude Oil, LLC
EIN 20-4694080

6.  Arroyo Terminals, LLC
EIN 20-6181450

7.  Toro Operating, Inc.
EIN 84-1063108

8.  Big Hog Energy, LLC
EIN 93-3432224

9.  Lael Energy, LLC
EIN 93-3432224

10.  Jentran, LLC
EIN 93-3432224

11.  Big Striker Energy, LLC

Such documents may include but not be limited to:

i)   Documents concerning the purchase and sale of commodities to include: purchase and/or sale dates, quantity of commodity bought or sold, purchase and/or sales price, the importer, the seller and buyer (including address), documents reflecting a description of commodity imported (both the type of commodity imported and whether separate or commingled), import labels (i.e. waste oil, petroleum distillates, etc.), country of origin, originating location of commodity (where was the commodity loaded for transport—including but not limited to crude oil reclamation sites, tank bottoms and pipeline cleanout service providers, and skim oil facilities), analysis/testing of commodity ordered or completed (including test results), the identity of any and all transportation companies used to transport the commodity and the destination of where the commodity was delivered.

3

ii) Documents concerning reports that were filed (whether compulsory or voluntary) with any and all local, state, and/or federal authorities reflecting the purchase and/or sale of commodities.

iii) Documents concerning payments to any and all authorities (local, state, federal, foreign and domestic) for the purchase or sale of commodities (including any payments to CBP), including all taxes paid or incurred, any and all fees paid or incurred, and any related tariffs paid or incurred.

2. For the periods listed above, please provide all Documents concerning your:

i) Licenses, permits, registrations and/or authorizations (currently or previously maintained) (foreign and domestic) to purchase or sale commodities.

3. For the periods listed above, please provide Documents sufficient to identify any third parties in Willacy, Cameron, and/or Hidalgo Counties that you bought commodities from or sold commodities to.