**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No. 1:25-CR-00257 |
| v. | ) | |
| | ) | |
| **JAMES LAEL JENSEN, ET AL** | ) | |
| | ) | |

**NON-PARTY LUXEMBORG TRADING LLC'S RESPONSE TO MOTION TO COMPEL**

**I. INTRODUCTION**

Non-Party Luxemborg Trading LLC respectfully responds to the Motion to Compel filed May 11, 2026 (DE 212). Although the subpoena commanded compliance by April 27, 2026, Luxemborg Trading LLC did not file its Motion to Quash by that date. Defendants now argue, in their Motion to Compel filed May 11, 2026 (Doc. 212), that Luxemborg's failure to "promptly" object constitutes a waiver of all grounds for objection under FedRCrP 17(c)(2).

As set forth below, Luxemborg Trading LLC's short delay in filing does not constitute a waiver as a matter of law, and even if the Court were to apply a promptness standard, good cause and excusable neglect amply justify granting leave. The Motion to Quash raises substantial, meritorious objections—including the absolute bar of Federal Rule of Criminal Procedure 17(h) regarding witness statements, gross overbreadth, and serious record inspection burden concerns for a non-party. These are not objections a court should foreclose on procedural default,

1

particularly where, as here, a separate party filed a Motion to Quash of a similarly worded subpoena (DE 211), and that matter remains pending.

Granting leave will cause Defendants no prejudice, as the trial date is currently set for October 19, 2026. The interests of justice strongly favor resolving the subpoena's significant legal defects on the merits.

## II. BACKGROUND

1. On March 27, 2026, the Clerk of Court issued the subpoena at the request of Defendant James Lael Jensen, directed to Luxemborg Trading LLC, Attn: Custodian of Records, commanding production of documents by April 27, 2026. The subpoena was served on Manuel Juaristi on March 31, 2026. Regrettably, Mr. Juaristi simply left the hard copy of the subpoena on Mr. Luis Rivera's desk, and it was not dealt with appropriately. Mr. Rivera did NOT communicate with his retained counsel that Luxemborg Trading LLC had in fact been served until approximately May 13, 2026.

2. Luxemborg Trading LLC is a non-party logistics company involved with fuel products in the United States and Mexico. It has no employees who are attorneys and no in-house legal counsel. Luxemborg's principal, Luis Rivera, consulted with his retained legal counsel, Attorney David Lindenmuth, who represents him along with Attorney Rolando Cantu and Attorney Jon Muschenheim with regards to his potential testimony in the instant case. However, that consultation did not occur until May 13, 2026. Upon inquiry, retained counsel discovered that Luxemborg Trading LLC is owned by two parties (Irma Pruneda and Luis Rivera) and began work to resolve any conflicts issues. On May 20, 2025, Mr.

2

Lindenmuth requested assistance of undersigned counsel in responding to the subpoena. The conflicts issue was addressed through a meeting with both of Luxemborg LLC's owners:  Mrs. Pruneda on May 21, 2025, and Mr. Rivera on May 22, 2025.

3. The subpoena is addressed to the "Custodian of Records" and on its face spans a request period of "January 2018 – Present," covering more than eight years of business records. The scope of the requests—encompassing eleven named individuals and entities, detailed commodity transaction records, regulatory filings, tax and tariff payments, licenses and permits, and the identities of all third-party counterparties in three counties—required careful legal analysis before a response could be formulated.

4. Luxemborg Trading LLC did not produce documents by the April 27, 2026, deadline, nor did it file a motion to quash by that date.  Nor did it seek an extension of the deadline.

5. On May 11, 2026, Defendants filed their Motion to Compel Luxemborg Trading, LLC's Compliance with Rule 17(c) Subpoena (Doc. 212), asserting that Luxemborg's failure to promptly move to quash constitutes a waiver of objections and seeking a court order compelling production and threatening contempt. Luxemborg Trading LLC now files this Response to the Motion to Compel.  A Motion to Quash will be filed today also.

6. Luis Rivera, a part-owner of Luxemborg Trading LLC, has been identified as a trial witness in this matter. The subpoena expressly seeks "Communications" as defined in Attachment A to include emails, text messages, WhatsApp messages, and social media messages—all of which constitute witness statements subject to the absolute bar of Federal Rule of Criminal Procedure 17(h) and the Jencks Act, 18 U.S.C. § 3500.

### III. LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." While the Rule requires that a motion to quash be made "promptly," no specific deadline is prescribed. The determination of what constitutes "prompt" action is committed to the sound discretion of the district court. **United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992).**

Critically, the case on which Defendants rely—Isenberg v. Chase Bank USA, N.A., 661 F. Supp. 2d 627 (N.D. Tex. 2009)—is a civil case decided under Federal Rule of Civil Procedure 45, not Rule 17(c). The promptness requirement under Rule 17(c) in a criminal case is not identical to the civil subpoena framework. This court clearly has jurisdiction to consider objections on the merits where substantial legal issues are presented.

To the extent the Court applies an excusable neglect standard, the relevant factors are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. All four factors favor Luxemborg Trading LLC here.

### IV. ARGUMENT

**A.      Luxemborg Trading LLC's Delay Does Not Constitute a Legal Waiver of Subpoena Objections.**

Defendants' waiver argument rests entirely on the civil case Isenberg, which applied Rule 45's standard in a civil proceeding. Rule 17(c)'s "promptly" requirement in the criminal context is not a strict jurisdictional bar that automatically extinguishes all objections upon any delay. Unlike statutes of limitations or filing deadlines that trigger automatic waiver, the promptness requirement of Rule 17(c)(2) is a flexible standard that courts apply in light of the circumstances.

More fundamentally, certain of Luxemborg Trading's objections cannot be waived by inaction at all. Federal Rule of Criminal Procedure 17(h)'s prohibition on subpoenaing witness statements is an absolute, non-waivable bar grounded in a party's statutory rights under the Jencks Act. A non-party's failure to timely move to quash cannot transform an unlawful demand into a lawful one. The Court retains the authority—and the obligation—to enforce Rule 17(h) regardless of when an objection is raised, because allowing compliance with a Rule 17(h)-violating subpoena would be contrary to law. See **United States v. Noriega**, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

Similarly, the Court has supervisory authority over Rule 17(c) subpoenas to ensure they are not used as improper discovery devices. **United States v. Nixon**, 418 U.S. 683, 698 (1974). A court may  quash or modify an overbroad subpoena; the filing of a motion by the subpoena recipient is not a prerequisite to the Court's exercise of this authority. **Bowman Dairy Co. v. United States**, 341 U.S. 214, 220 (1951).

## B.    Good Cause and Excusable Neglect Justify Granting Leave.

Even applying an excusable neglect standard, all relevant factors favor granting leave.

First, there is no prejudice to Defendants. Defendants filed their Motion to Compel on May 11, 2026.  Another party had filed a Motion to Quash a similar subpoena on May 11, 2026, and it

is still pending (DE 211).  Trial is not set until October 2026.  A grant of leave merely ensures that the Court's ruling on the subpoena's validity will be informed by both sides' arguments.

Second, the delay is short and its impact minimal. The compliance deadline was April 27, 2026, and this Motion is filed May 26, 2026—a period of approximately four weeks. No court order compelling compliance was entered during this time. The brief period of non-compliance does not reflect a pattern of delay or disregard for court process.

Third, the reason for the delay is entirely reasonable. Luxemborg Trading LLC is a small, non-party logistics business with no in-house legal counsel.  The subpoena itself is extraordinarily complex, spanning eleven named parties, multiple categories of commodity transaction records, regulatory filings, and third-party commercial relationships. A brief period to analyze a subpoena of this scope and legal complexity is not only reasonable but expected of a responsible non-party litigant.  And, as explained above, retained counsel for Mr. Luis Rivera discovered a significant conflicts issue that needed to be resolved.

Fourth, Luxemborg Trading LLC has acted in good faith throughout. It is not seeking to evade legitimate discovery obligations; it is seeking to vindicate its legal rights as a non-party against an overbroad subpoena that violates Rule 17(h), exceeds the scope of the charged conduct, demands confidential commercial information, and imposes undue burden. These are not dilatory objections—they are substantial legal arguments that the Court should hear.

**C.      The Merits of the Motion to Quash Are Substantial and Favor Consideration.**

Courts routinely consider the strength of a non-party's underlying objections in determining whether to permit late filing. Here, the Motion to Quash raises independent, legally substantial grounds:

Rule 17(h) bars the subpoena as to communications. Luis Rivera, a part-owner of Luxemborg Trading LLC, has been identified as a trial witness. The subpoena's express demand for "Communications"—defined to include emails, texts, WhatsApp messages, and social media messages—directly violates Rule 17(h)'s absolute prohibition on subpoenaing witness statements before trial. This is not a close question.

Overbreadth, confidentiality, and undue burden. The Subpoena demands records concerning eleven named individuals and entities, the vast majority of whom Luxemborg has no business relationship with, along with import licenses, regulatory filings, tax records, and the identities of all Luxemborg's third-party customers in three counties. This reaches the core of Luxemborg's confidential commercial operations and imposes substantial, unjustified burden on a non-party.

The strength and independence of these grounds confirm that this is not a case where a party is seeking to litigate frivolous objections after the fact. These are legal issues the Court should resolve on the merits.

## V. CONCLUSION

For the foregoing reasons, Non-Party Luxemborg Trading LLC respectfully requests that this Court deny the Motion to Compel at this time.

In the alternative, Luxemborg Trading LLC respectfully requests that the Court enter a stay of any compliance obligation pending resolution of the Motion to Quash, so that Luxemborg is not forced to produce documents—including witness statements barred by Rule 17(h)—before the Court has had an opportunity to assess the subpoena's validity.

Respectfully submitted,

GREGOR WYNNE ARNEY

By: */s/ Jon Muschenheim*
Jon Muschenheim
SDTX No. 9246
4265 San Felipe Street
Suite 700
Houston, Texas 77027
(361) 828-9008
 jmuschenheim@gwafirm.com
*Counsel for Luxemborg Trading, LLC*

## CERTIFICATE OF SERVICE

I certify that all parties were served via ECF on May 27, 2026.

/s/*Jon Muschenheim*
Jon Muschenheim

## CERTIFICATE OF CONFERENCE

I consulted with Attorney Jason Davis on May 26, 2026.  While Mr. Davis is not willing to withdraw the Motion to Compel at this time, the parties are working together to narrow the issues and resolve what we can by agreement.

/s/Jon Muschenheim
Jon Muschenheim

8