**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 1:25:cr-257** |
| | § | |
| **JAMES LAEL JENSEN** | § | |
| **MAXWELL STERLING JENSEN** | § | |
| **a/k/a "Max"** | § | |

**DEFENDANT MAXWELL STERLING JENSEN'S UNOPPOSED MOTION FOR PRE-**
**PLEA <u>PRESENTENCE INVESTIGATION REPORT</u>**

TO THE HONORABLE COURT:

Now comes Maxwell Sterling Jensen, through his undersigned counsel, and files this, his

Unopposed Motion for Pre-Plea Presentence Investigation Report and in support thereof would

show the following:

### I.      INTRODUCTION AND RELIEF REQUESTED

1.      Defendant Maxwell Sterling Jensen respectfully moves, pursuant to Federal Rule of

Criminal Procedure 32 for an order directing the United States Probation Office to prepare a pre-

plea Presentence Investigation Report (PSR). The requested report would provide guideline

calculations, criminal history scoring, potential relevant conduct information, and any collateral-

consequence information necessary to enable informed plea discussions and case resolution. The

Court has discretion to authorize a pre-plea PSR in consultation with the Probation Office and to

set appropriate deadlines and scope. Defendant requests entry of the Proposed Order below.

### II.      LEGAL STANDARD

2.      The Court possesses discretion under the Federal Rule of Criminal Procedure 32(e)(1) to

direct and schedule the preparation of a presentence report and to determine its timing relative to

plea proceedings, with the involvement of the United States Probation Office, when doing so will

facilitate resolution of the case and promote accuracy and efficiency in sentencing-related determinations, if provided written consent by the Defendant to do so. A pre-plea PSR may address offense conduct relevant to guideline calculations, criminal history scoring, potential relevant conduct information, supervised release considerations, and collateral consequences, subject to the Court's order and the Probation Office's processes.

### III.     ARGUMENT

3.      The complexity and breadth of potential sentencing exposure, restitution, and forfeiture issues in this case warrant a pre-plea PSR.

4.      First, guideline calculations are likely to be intricate due to multiple groups of offenses, possible enhancements, and specific offense characteristics. A pre-plea PSR would provide an authoritative preliminary guideline analysis to anchor plea negotiations, reduce disputes, and avoid post-plea surprises for any party. Second, criminal history scoring may materially affect the applicable sentencing range. Early verification of criminal history will enable counsel and the government to assess realistic dispositions and avoid later litigation over category determinations. Third, any possible loss amount that could be attributed to relevant conduct would be critical to any negotiated resolution here, and a critical factor in plea decision-making. A pre-plea PSR can take a generalized view of the loss amount – and its potential effect on the applicable relevant conduct – which would inform the parties on how to proceed with a plea in this case.

5.      Fourth, the nature of the charges—including money laundering and terrorism-related allegations—raises the possibility of collateral considerations such as other civil disabilities, supervised release conditions, and program eligibility. While not outcome-determinative, early identification of such consequences can materially inform the parties' evaluation of plea options and promote a knowing and voluntary plea if one is entered. Fifth, ordering a pre-plea PSR

advances judicial economy. By equipping the parties with reliable guideline and financial analyses before a plea, the Court can reduce or eliminate subsequent contested sentencing hearings, narrow disputed issues, and conserve Probation's time later in the case. Any confidentiality and disclosure concerns can be addressed by limiting the PSR's scope, permitting targeted discovery to the defense, and setting an objection process akin to Rule 32 timelines adapted for the pre-plea posture.

## IV.    CONSENT OF DEFENDANT

6.    Defendant, Maxwell Jensen, consents to the preparation of a pre-plea PSR.  Attached as an exhibit to this Motion is the signed consent from the Defendant.  By and through this Motion, the parties respectfully request that the pre-plea PSR be provided to the Government and Defense counsel *only*, and that it be withheld from the Court until such time as a plea of guilty is entered by the Defendant in open court, or a finding of guilt is ultimately returned by a jury at trial.

## V.    RELIEF REQUESTED

**7.**    Defendant respectfully requests that the Court order a pre-plea PSR limited to the following topics to expedite completion:

a. Preliminary guideline calculations for all counts charged against Maxwell Sterling Jensen, including grouping, base offense levels, applicable specific offense characteristics, relevant conduct, and acceptance-of-responsibility contingencies as appropriate;

b. Criminal history category determination, including verification of prior convictions and status points, if any;

c. A generalized review of the potential loss amount and its impact on relevant conduct;

d. Financial condition and ability-to-pay assessment pertinent to restitution, fines, and special assessments, recognizing that forfeiture proceedings are separate but financially relevant to the defendant's overall exposure; and

e. Collateral considerations pertinent to plea decision-making, including any statutory bars, mandatory minimums, supervised release ranges, and any known immigration or other collateral consequence flags.

8.      Defendant respectfully requests that this pre-plea PSR be completed within thirty-five (35) days of the granting of this motion.

### Certificate of Conference

Pursuant to S.D. Tex. Cr. LR 12.2, counsel for Maxwell Sterling Jensen conferred with Assistant Untied States Attorney James Sturgis, who indicated that the Government was UNOPPOSED to the Court granting the relief requested by and through this Motion.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED, Defendant, MAXWELL STERLING JENSEN** respectfully requests that this Court grant his unopposed Motion, and order the United States Probation Office for the Southern District of Texas to prepare a pre-plea Presentence Investigation Report of Defendant solely for the review of the Government and Defendant, within fourteen (14) days of the Court's entry of its order.

Respectfully submitted,

**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
Fax (956) 621-0135

*/s/ Benigno (Trey) Martinez*
Benigno (Trey) Martinez
State Bar No. 00797011
trey@mbmtlawfirm.com

**LAW OFFICES OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.,
Brownsville, Texas 78520
(956) 254-0694
Robert Guerra
State Bar No. 24036694
Federal ID No. 570991
rguerra@rguerralaw.com

**COUNSEL FOR DEFENDANT,**
**MAXWELL STERLING JENSEN**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 12, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record will receive an electronic copy via the Court's CM/ECF system.

*/s/ Benigno (Trey) Martinez*
Benigno (Trey) Martinez